# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　**2. PLEASE TYPE OR PRINT**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption:<br><br>Melendez v. City of New York | District Court or Agency:<br><br>Southern District of New Yor | Judge:<br><br>Hon. Ronnie Abrams |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>3/31/2023 | District Court Docket No.:<br><br>1:20-cv-5301-RA |
| | Date the Notice of Appeal was Filed:<br><br>4/26/2023 | Is this a Cross Appeal?<br><br>☐ Yes　　☑ No |

| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name: Jamison Davies | Address: 100 Church St. | Telephone No.: 212-356-2490 | Fax No.: 212-356-1148 | E-mail: jdavies@law.nyc.gov |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name: Claude Szyfer | Address: Stroock & Stroock & Lavan<br>180 Maiden Lane<br>New York, NY 10038 | Telephone No.: 212-806-5400 | Fax No.: 212-806-6006 | E-mail: cszyfer@stroock.com |

| Has Transcript Been Prepared?<br><br>Yes | Approx. Number of Transcript Pages:<br><br>47 | Number of Exhibits Appended to Transcript:<br><br>0 | Has this matter been before this Circuit previously? ☑ Yes　☐ No<br><br>If Yes, provide the following:<br><br>Case Name: Melendez v. City of New York<br><br>2d Cir. Docket No.: 20-4238　　Reporter Citation: (i.e., F.3d or Fed. App.)<br>16 F.4th 992 |
|---|---|---|---|

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party　　☐ Diversity<br>☑ Federal question　☐ Other (specify): _____<br>(U.S. not a party) | ☑ Final Decision　　　　☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Interlocutory Decision Appealable As of Right　☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ✓ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br> lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br> failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br> frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br> other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>✓ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:    ☐ Injunctions:<br><br>☐ Sought: $ _____   ☐ Preliminary<br>☐ Granted: $ _____   ☐ Permanent<br>☐ Denied: $ _____   ☐ Denied<br><br>Declaration only |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>✓ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br> Maritime<br>☐ Assault /<br> Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br> Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br> Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ✓ Yes     ☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes     ✓ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?     ☐ Yes    ✓ No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?     ☐ Yes    ✓ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

| Name of Appellant: |
|---|
| |

| Date:   5/9/2023 | Signature of Counsel of Record:   /s/ Jamison Davies |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

    **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# ADDENDUM "A"

## I.    Nature of Action

Plaintiffs filed suit against the City of New York, alleging that the City's  law barring enforcement of personal guaranties backing commercial leases for a limited time, N.Y.C. Administrative Code § 22-1005, violates the Constitution's Contracts Clause. U.S. Const., Art. I, § 10, cl. 1.

## II.    The Result Below

The district court initially dismissed plaintiffs' Contracts Clause claim. This Court reversed, holding that plaintiffs' had stated a sufficient claim to survive dismissal. 16 F.4th 992 (2d Cir. 2021).On remand, the parties cross-moved for summary judgment and the district court granted summary judgment to the plaintiffs. The district court first concluded that it had subject-matter jurisdiction over the case, though the City does not enforce the law against plaintiffs. The court then concluded that there was insufficient evidence to establish that the

law is reasonably tailored to accomplish its legitimate policy goals and found that it violated the Contracts Clause.

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨

------------------------------------------------------------ x

MARCIA MELENDEZ, et al.,

                             Plaintiffs,

           -against-

THE CITY OF NEW YORK et al.,

                       Defendants.

------------------------------------------------------------ x

**NOTICE OF APPEAL**

1:20-CV-5301-RA

     Notice is hereby given that defendants appeal to the U.S. Court of Appeals for the Second Circuit from the order of the U.S. District Court for the Southern District of New York (Abrams, J.) entered on March 31, 2023 (ECF No. 123).

Dated:    New York, New York
          April 26, 2023

                                HON. SYLVIA O. HINDS-RADIX
                                Corporation Counsel
                                of the City of New York
                                Attorney for Defendants

                By:                           
                         Devin Slack
                         Assistant Corporation Counsel
                         100 Church Street
                         New York, New York 10007
                         (212) 356-0817
                         dslack@law.nyc.gov

To:   STROOCK & STROOCK
      & LAVAN LLP
      180 Maiden Lane
      New York, New York 10038
      (212) 806-5400

      *Counsel for Plaintiffs*

RECAP Actions

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20-cv-05301-RA

Melendez et al v. The City Of New York , et al
Assigned to: Judge Ronnie Abrams
Cause: 42:1983 Civil Rights Act

Date Filed: 07/10/2020
Date Terminated: 03/31/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Marcia Melendez**                              represented by  **Stephen P. Younger**
Nixon Peabody LLP
Tower 46, 55 West 46th Street
New York, NY 10036
212-940-3036
Fax: 833-709-7111
Email: spyounger@nixonpeabody.com
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Alejandro Hari Cruz**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2000
Fax: 212-336-2222
Email: acruz@pbwt.com
*TERMINATED: 03/17/2022*

**Claude Gabriel Szyfer**
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212.806-5400
Fax: 212.806.1334
Email: cszyfer@stroock.com
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY 10022
(212)-848-7255
Email: danichkova@stroock.com
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212) 806-6419
Fax: (212) 806-7119
Email: dkahne@stroock.com
*ATTORNEY TO BE NOTICED*

**Esther Youngjoo Kim**
Patterson Belknap Webb & Tyler
1133 Avenue of The Americas
New York, NY 10036
(646)-538-2398
Email: ekim@pbwt.com
*TERMINATED: 03/17/2022*

**Hyatt Marcel Howard**
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
212-336-2000
Email: hyatt.howard@parkerpohl.com
*TERMINATED: 03/17/2022*

**Timothy Harold Smith**
Warner Norcross & Judd LLP
2715 Woodward Avenue, Suite 300
Detroit, MI 48201
313-546-6035
Email: timhpsmith@gmail.com
*TERMINATED: 03/17/2022*

**Plaintiff**

**Jarican Realty Inc.**                    represented by **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Alejandro Hari Cruz**
(See above for address)
*TERMINATED: 03/17/2022*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Esther Youngjoo Kim**
(See above for address)
*TERMINATED: 03/17/2022*

**Hyatt Marcel Howard**
(See above for address)
*TERMINATED: 03/17/2022*

**Timothy Harold Smith**
(See above for address)
*TERMINATED: 03/17/2022*

**Plaintiff**

**1025 Pacific LLC**              represented by  **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Alejandro Hari Cruz**
(See above for address)
*TERMINATED: 03/17/2022*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Esther Youngjoo Kim**
(See above for address)
*TERMINATED: 03/17/2022*

**Hyatt Marcel Howard**
(See above for address)
*TERMINATED: 03/17/2022*

**Timothy Harold Smith**
(See above for address)
*TERMINATED: 03/17/2022*

**Plaintiff**

**Ling Yang**                     represented by  **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Alejandro Hari Cruz**
(See above for address)

*TERMINATED: 03/17/2022*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Esther Youngjoo Kim**
(See above for address)
*TERMINATED: 03/17/2022*

**Hyatt Marcel Howard**
(See above for address)
*TERMINATED: 03/17/2022*

**Timothy Harold Smith**
(See above for address)
*TERMINATED: 03/17/2022*

<u>**Plaintiff**</u>

**Top East Realty LLC**                    represented by    **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Alejandro Hari Cruz**
(See above for address)
*TERMINATED: 03/17/2022*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Esther Youngjoo Kim**
(See above for address)
*TERMINATED: 03/17/2022*

**Hyatt Marcel Howard**
(See above for address)

*TERMINATED: 03/17/2022*

**Timothy Harold Smith**
(See above for address)
*TERMINATED: 03/17/2022*

**Plaintiff**
**Haight Trade LLC**                    represented by    **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Alejandro Hari Cruz**
(See above for address)
*TERMINATED: 03/17/2022*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Esther Youngjoo Kim**
(See above for address)
*TERMINATED: 03/17/2022*

**Hyatt Marcel Howard**
(See above for address)
*TERMINATED: 03/17/2022*

**Timothy Harold Smith**
(See above for address)
*TERMINATED: 03/17/2022*

**Plaintiff**
**Elias Bochner**                    represented by    **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**287 7th Avenue Realty LLC**  represented by **Stephen P. Younger**
(See above for address)
*TERMINATED: 03/17/2022*
*LEAD ATTORNEY*

**Claude Gabriel Szyfer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Darya Dmitrievna Anichkova**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jonathan Kahne**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of New York**  represented by **Pamela Ann Koplik**
*a municipal entity*  NYC Law Department, Office of the
Corporation Counsel (NYC)
100 Church Street
New York, NY 10007
(212) 356-2187
Fax: (212) 442-0981
Email: pkoplik@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carlos Fernando Ugalde Alvarez**
New York City Law Department
Office of The Corporation Counsel
100 Church Street
New York, NY 10007
(212)-356-2212
Email: cugalde1@law.fordham.edu
*TERMINATED: 02/07/2022*

**Scali Riggs**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-2197
Email: sriggs@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mayor Bill de Blasio**                              represented by **Pamela Ann Koplik**
*as Mayor of the City of New York*                   (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Carlos Fernando Ugalde Alvarez**
                                                     (See above for address)
                                                     *TERMINATED: 02/07/2022*

                                                     **Scali Riggs**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Louise Carroll**                      represented by **Pamela Ann Koplik**
*Commissioner of New York City Department*           (See above for address)
*of Housing Preservation & Development*              *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Carlos Fernando Ugalde Alvarez**
                                                     (See above for address)
                                                     *TERMINATED: 02/07/2022*

                                                     **Scali Riggs**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Jonnel Doris**                        represented by **Pamela Ann Koplik**
*Commissioner of New York City Department*           (See above for address)
*of Small Business Services*                         *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Carlos Fernando Ugalde Alvarez**
                                                     (See above for address)
                                                     *TERMINATED: 02/07/2022*

                                                     **Scali Riggs**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**ADR Provider**

**Volunteers of Legal Service**                      represented by **Arthur Oder**
                                                     Davis Wright Tremaine LLP
                                                     865 Figueroa Street
                                                     Suite 2400
                                                     Los Angeles, CA 90017
                                                     213-855-9669
                                                     Email: arthurkats@dwt.com
                                                     *LEAD ATTORNEY*

                                                     **Michael James Harris**

Bracewell LLP
31 W. 52nd Street
New York, NY 10019
212-938-6441
Email: michael.harris@bracewell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan A Herstoff**
Haug Partners LLP (NYC)
745 Fifth Avenue
New York, NY 10151
(212) 863-2643
Fax: (212) 588-0500
Email: jherstoff@haugpartners.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Rent Stabilization Association of NYC, Inc.**

*agent of*
RSA

represented by **Deborah Ellen Riegel**
Rosenberg & Estis, P.C.
733 3rd Avenue
New York, NY 10017
(212)-551-8466
Fax: (212)-551-8484
Email: driegel@rosenbergestis.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Community Housing Improvement Program, Inc.**

*agent of*
Chip

represented by **Deborah Ellen Riegel**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2020 | 1 | COMPLAINT against Louise Carroll, Jonnel Doris, The City Of New York,, Bill deBlasio. (Filing Fee $ 400.00, Receipt Number ANYSDC-20634749)Document filed by Haight Trade LLC, 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Ling Yang, Top East Realty LLC..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 2 | CIVIL COVER SHEET filed..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to The City of New York, a municipal entity, re: 1 Complaint,. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Bill de Blasio, as Mayor of the City of New York, re: 1 Complaint,. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Louise Carroll, Commissioner of New York City Department of Housing Preservation & Development, re: 1 Complaint,. |

| | | |
|---|---|---|
| | | Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Jonnel Doris, Commissioner of New York City Department of Small Business Services, re: 1 Complaint,. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 7 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Jarican Realty Inc...(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 8 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by 1025 Pacific LLC..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 9 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Top East Realty LLC..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Haight Trade LLC..(Younger, Stephen) (Entered: 07/10/2020) |
| 07/10/2020 | 11 | NOTICE OF APPEARANCE by Alejandro Hari Cruz on behalf of 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Cruz, Alejandro) (Entered: 07/10/2020) |
| 07/10/2020 | 12 | NOTICE OF APPEARANCE by Hyatt Marcel Howard on behalf of 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Howard, Hyatt) (Entered: 07/10/2020) |
| 07/10/2020 | 13 | NOTICE OF APPEARANCE by Esther Youngjoo Kim on behalf of 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Kim, Esther) (Entered: 07/10/2020) |
| 07/10/2020 | 14 | NOTICE OF APPEARANCE Timothy Harold Smith on behalf of 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Smith, Timothy) (Entered: 07/10/2020) |
| 07/13/2020 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Stephen P. Younger. The following case opening statistical information was erroneously selected/entered: County code Albany;. The following correction(s) have been made to your case entry: the County code has been modified to Kings;. (jgo) (Entered: 07/13/2020) |
| 07/13/2020 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Stephen P. Younger. The party information for the following party/parties has been modified: The City Of New York; NYC Mayor Bill deBlasio; Commissioner of HPD Louise Carroll; Commissioner of SBS Jonnel Doris. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party text was omitted;. (jgo) (Entered: 07/13/2020) |
| 07/13/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 07/13/2020) |

| 07/13/2020 | | Magistrate Judge James L. Cott is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 07/13/2020) |
|---|---|---|
| 07/13/2020 | | Case Designated ECF. (jgo) (Entered: 07/13/2020) |
| 07/13/2020 | 15 | ELECTRONIC SUMMONS ISSUED as to Bill de Blasio..(jgo) (Entered: 07/13/2020) |
| 07/13/2020 | 16 | ELECTRONIC SUMMONS ISSUED as to City of New York..(jgo) (Entered: 07/13/2020) |
| 07/13/2020 | 17 | ELECTRONIC SUMMONS ISSUED as to Jonnel Doris..(jgo) (Entered: 07/13/2020) |
| 07/13/2020 | 18 | ELECTRONIC SUMMONS ISSUED as to Louise Carroll..(jgo) (Entered: 07/13/2020) |
| 07/16/2020 | 19 | NOTICE OF APPEARANCE by Pamela Ann Koplik on behalf of Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 07/16/2020) |
| 07/16/2020 | | NOTICE OF CASE REASSIGNMENT to Judge Ronnie Abrams. Judge Gregory H. Woods is no longer assigned to the case..(wb) (Entered: 07/16/2020) |
| 07/16/2020 | 20 | NOTICE OF APPEARANCE by Carlos Fernando Ugalde Alvarez on behalf of Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) (Entered: 07/16/2020) |
| 07/16/2020 | 21 | SUMMONS RETURNED EXECUTED Summons and Complaint, served. City of New York served on 7/13/2020, answer due 8/3/2020. Service was accepted by The City of New York Law Department. Document filed by Haight Trade LLC; 1025 Pacific LLC; Jarican Realty Inc.; Marcia Melendez; Ling Yang; Top East Realty LLC..(Younger, Stephen) (Entered: 07/16/2020) |
| 07/16/2020 | 22 | SUMMONS RETURNED EXECUTED Summons and Complaint, served. Bill de Blasio served on 7/13/2020, answer due 8/3/2020. Service was accepted by The City of New York Law Department. Document filed by Haight Trade LLC; 1025 Pacific LLC; Jarican Realty Inc.; Marcia Melendez; Ling Yang; Top East Realty LLC..(Younger, Stephen) (Entered: 07/16/2020) |
| 07/16/2020 | 23 | SUMMONS RETURNED EXECUTED Summons and Complaint, served. Louise Carroll served on 7/13/2020, answer due 8/3/2020. Service was accepted by The City of New York Law Department. Document filed by Haight Trade LLC; 1025 Pacific LLC; Jarican Realty Inc.; Marcia Melendez; Ling Yang; Top East Realty LLC..(Younger, Stephen) (Entered: 07/16/2020) |
| 07/16/2020 | 24 | SUMMONS RETURNED EXECUTED Summons and Complaint, served. Jonnel Doris served on 7/13/2020, answer due 8/3/2020. Service was accepted by The City of New York Law Department. Document filed by Haight Trade LLC; 1025 Pacific LLC; Jarican Realty Inc.; Marcia Melendez; Ling Yang; Top East Realty LLC..(Younger, Stephen) (Entered: 07/16/2020) |
| 07/16/2020 | 25 | LETTER MOTION for Conference - *requesting approval of a briefing schedule for Plaintiffs' anticipated motion for a preliminary injunction, and/or a conference* addressed to Judge Ronnie Abrams from Stephen P. Younger dated July 16, 2020. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/16/2020) |
| 07/17/2020 | 26 | ORDER granting 25 LETTER MOTION for Conference - requesting approval of a briefing schedule for Plaintiffs' anticipated motion for a preliminary injunction, and/or a |

| | | |
|---|---|---|
| | | conference. The parties' proposed briefing schedule and page limits for briefing are GRANTED. No later than July 27, 2020, the parties shall write a joint status letter, advising the Court whether either party anticipates seeking discovery and whether an evidentiary hearing will be necessary in connection with Plaintiffs' motion for a preliminary injunction. SO ORDERED.. (Signed by Judge Ronnie Abrams on 7/17/2020) (jca) (Entered: 07/17/2020) |
| 07/22/2020 | 27 | MOTION for Preliminary Injunction *and Declaratory Relief*. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/22/2020) |
| 07/22/2020 | 28 | MEMORANDUM OF LAW in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief*. . Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/22/2020) |
| 07/22/2020 | 29 | DECLARATION of Stephen P. Younger in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief*.. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit 1 - Summary of July 2020 Survey, # 2 Exhibit 2 - July 2020 New York City Partnership Report, # 3 Exhibit 3 - Matthew Haag, New Threat to New York City, # 4 Exhibit 4 - Georgia Kromrei, About 25 per of NYC, # 5 Exhibit 5 - Complaint in The Gap Inc. v. 44-45 Broadway, # 6 Exhibit 6 - Complaint in The Gap Inc. v. 170 Broadway, # 7 Exhibit 7 - Complaint in Bath & Body Works, LLC v. 304, # 8 Exhibit 8 - Complaint in Victoria's Secret Stores,, # 9 Exhibit 9 - Conor Dougherty and Peter, Eavis, Tenants' Troubles, # 10 Exhibit 10 - Lisa Prevost, 5 Ways the Coronavirus, # 11 Exhibit 11 - C.J. Hughes, Coronavirus Escape, # 12 Exhibit 12 - IBO's July 21, 2020 Report, # 13 Exhibit 13 - IBO's May 2020 Focus On The Executive Budget, # 14 Exhibit 14 - Amanda Rosa, N.Y.C.'s Budget and a Cut, # 15 Exhibit 15 - Chapter 23 of the New York State Session Laws of 2020, # 16 Exhibit 16 - New York State Assembly Memorandum, # 17 Exhibit 17 - Governor Andrew Cuomo's Executive Order 202, # 18 Exhibit 18 - Governor Andrew Cuomo's Executive Order 202.3, # 19 Exhibit 19 - Governor Andrew Cuomo's Executive Order 202.6, # 20 Exhibit 20 - Governor Andrew Cuomo's Executive Order 202.7, # 21 Exhibit 21 - Governor Andrew Cuomo's Executive Order 202.8, # 22 Exhibit 22 - Governor Andrew Cuomo's Executive Order 202.16, # 23 Exhibit 23 - Governor Andrew Cuomo's Executive Order 202.28, # 24 Exhibit 24 - Governor Andrew Cuomo's Executive Order 202.38, # 25 Exhibit 25 - Governor Andrew Cuomo's Executive Order 202.48, # 26 Exhibit 26 - Chapter 125 of the New York State Session Laws of 2020, # 27 Exhibit 27 - Chapter 127 of the New York State Session Laws of 2020, # 28 Exhibit 28 - New York City Council Bill No. 1914-A, # 29 Exhibit 29 - New York City Council Bill No. 1932-A, # 30 Exhibit 30 - New York City Council Bill No. 1936-A, # 31 Exhibit 31 - May 13, 2020 Tr. of Mins of the NYC Council, # 32 Exhibit 32 - April 21, 2020 New York City Council Press Release, # 33 Exhibit 33 - April 28, 2020 Tr. of Mins of the Committee on Housing, # 34 Exhibit 34 - April 29, 2020 Tr. of Mins of the Committee on Small Business, # 35 Exhibit 35 - April 28, 2020 Committee Report of the Infrastructure and Gov, # 36 Exhibit 36 - April 29, 2020 Briefing Paper and Committee Rpt of the Gov, # 37 Exhibit 37 - May 13, 2020 Committee Report of the Gov Affairs Div, # 38 Exhibit 38 - May 13, 2020 Committee Report of the Infrastructure, # 39 Exhibit 39 - Summary of Small Business Impact from COVID-19 Survey, # 40 Exhibit 40 - June 3, 2020 U.S.CC Small Business Coronavirus, # 41 Exhibit 41 - NYC's Nightlife Economy Report 2018, # 42 Exhibit 42 - June 19, 2020 Email from Frank Velluci, # 43 Exhibit 43 - Understanding Rent Shortfalls, # 44 Exhibit 44 - Small Business First Report, # 45 Exhibit 45 - Guaranty Agreement).(Younger, Stephen) (Entered: 07/22/2020) |

| 07/22/2020 | 30 | DECLARATION of Santo Golino in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief*.. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit A, curriculum vitae, # 2 Exhibit B, list of materials on assignment).(Younger, Stephen) (Entered: 07/22/2020) |
|---|---|---|
| 07/22/2020 | 31 | DECLARATION of Ling Yang in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief*.. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/22/2020) |
| 07/22/2020 | 32 | DECLARATION of Marcia Melendez in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief*.. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/22/2020) |
| 07/22/2020 | 33 | LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated July 22, 2020 re: requesting oral argument. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/22/2020) |
| 07/27/2020 | 34 | JOINT LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated July 27, 2020 re: joint status letter pursuant to the Court's July 17, 2020 Order. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/27/2020) |
| 07/31/2020 | 35 | JOINT LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated July 31, 2020 re: Proposed Joint Briefing Schedule. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 07/31/2020) |
| 07/31/2020 | 36 | MEMO ENDORSEMENT on re: 35 Letter re: Proposed Joint Briefing Schedule, filed by 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Top East Realty LLC, Ling Yang. ENDORSEMENT: The parties' proposed briefing schedule is granted. The Court will schedule oral argument shortly., Responses due by 8/12/2020, Replies due by 9/2/2020. (Signed by Judge Ronnie Abrams on 7/31/2020) (rj) (Entered: 07/31/2020) |
| 08/12/2020 | 37 | MOTION to Dismiss *the Complaint*. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. Responses due by 8/26/2020.(Ugalde Alvarez, Carlos) (Entered: 08/12/2020) |
| 08/12/2020 | 38 | DECLARATION of Carlos Fernando Ugalde Alvarez in Support re: 37 MOTION to Dismiss *the Complaint*., 27 MOTION for Preliminary Injunction *and Declaratory Relief*.. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS, # 46 Exhibit TT, # 47 Exhibit UU, # 48 Exhibit VV, # 49 Exhibit WW, # 50 Exhibit XX, # 51 Exhibit YY, # 52 Exhibit ZZ-1, # 53 Exhibit ZZ-2, # 54 Exhibit ZZ-3, # 55 Exhibit ZZ-4, # 56 Exhibit ZZ-5, # 57 Exhibit AAA, # 58 Exhibit BBB, # 59 Exhibit CCC, # 60 Exhibit DDD, # 61 Exhibit EEE, # 62 |

| | | |
|---|---|---|
| | | Exhibit FFF, # <u>63</u> Exhibit GGG, # <u>64</u> Exhibit HHH, # <u>65</u> Exhibit III, # <u>66</u> Exhibit JJJ, # <u>67</u> Exhibit KKK, # <u>68</u> Exhibit LLL, # <u>69</u> Exhibit MMM, # <u>70</u> Exhibit NNN, # <u>71</u> Exhibit OOO, # <u>72</u> Exhibit PPP, # <u>73</u> Exhibit QQQ, # <u>74</u> Exhibit RRR, # <u>75</u> Exhibit SSS, # <u>76</u> Exhibit TTT, # <u>77</u> Exhibit UUU, # <u>78</u> Exhibit VVV.(Ugalde Alvarez, Carlos) (Entered: 08/12/2020) |
| 08/12/2020 | <u>39</u> | MEMORANDUM OF LAW in Support re: <u>37</u> MOTION to Dismiss *the Complaint.*, <u>27</u> MOTION for Preliminary Injunction *and Declaratory Relief. Memorandum of Law in Support of Defendants' Motion to Dismiss and in Opposition to Plaintiffs' Motion for Preliminary Injunctive and Declaratory Relief.* Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) (Entered: 08/12/2020) |
| 08/12/2020 | <u>40</u> | LETTER addressed to Judge Ronnie Abrams from Pamela A. Koplik dated August 12, 2020 re: requesting oral argument. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) (Entered: 08/12/2020) |
| 08/13/2020 | <u>41</u> | LETTER MOTION to File Amicus Brief addressed to Judge Ronnie Abrams from Arthur Kats (f/k/a Arthur Oder) dated 08/13/2020. Document filed by Volunteers of Legal Service. (Attachments: # <u>1</u> Proposed Amicus Brief, # <u>2</u> Affidavit Kats Declaration, # <u>3</u> Exhibit 1 - News Article, # <u>4</u> Exhibit 2 - News Article, # <u>5</u> Exhibit 3 - News Article, # <u>6</u> Exhibit 4 - News Article, # <u>7</u> Exhibit 5 - Executive Order 202.8, # <u>8</u> Exhibit 6 - News Article, # <u>9</u> Exhibit 7 - SBA Report, # <u>10</u> Exhibit 8 - NYS Comptroller Report, # <u>11</u> Exhibit 9 - SBA Report, # <u>12</u> Exhibit 10 - News Article, # <u>13</u> Exhibit 11 - News Article, # <u>14</u> Exhibit 12 - News Article, # <u>15</u> Exhibit 13 - News Article, # <u>16</u> Exhibit 14 - Chamber of Commerce Survey, # <u>17</u> Exhibit 15 - News Article, # <u>18</u> Exhibit 16 - Federal Reserve Bank Report, # <u>19</u> Exhibit 17 - Federal Reserve Bank Report, # <u>20</u> Exhibit 18 - Local Law 53, # <u>21</u> Exhibit 19 - Local Law 55, # <u>22</u> Exhibit 20 - Committee Report, # <u>23</u> Exhibit 21 - VOLS Testimony, # <u>24</u> Exhibit 22 - Partnership for New York City Report). (Oder, Arthur) (Entered: 08/13/2020) |
| 08/13/2020 | <u>42</u> | MEMO ENDORSEMENT on re: <u>40</u> Letter filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio. ENDORSEMENT: Application granted. Oral argument will be held on Friday, September 11, 2020 at 3:30 pm. SO ORDERED. (Oral Argument set for 9/11/2020 at 03:30 PM before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 8/13/2020) (kv) (Entered: 08/13/2020) |
| 08/14/2020 | <u>43</u> | ORDER granting <u>41</u> Letter Motion to File Amicus Brief. Application granted. SO ORDERED. (Signed by Judge Ronnie Abrams on 8/14/2020) (kv) (Entered: 08/14/2020) |
| 08/24/2020 | <u>44</u> | JOINT LETTER MOTION for Leave to File Excess Pages addressed to Judge Ronnie Abrams from Stephen P. Younger dated August 24, 2020. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 08/24/2020) |
| 08/24/2020 | <u>45</u> | JOINT LETTER MOTION for Leave to File Excess Pages *[CORRECTED]* addressed to Judge Ronnie Abrams from Stephen P. Younger dated August 24, 2020. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 08/24/2020) |
| 08/26/2020 | <u>46</u> | ORDER granting <u>44</u> Letter Motion for Leave to File Excess Pages; granting <u>45</u> Letter Motion for Leave to File Excess Pages. Application granted. SO ORDERED. (Signed by Judge Ronnie Abrams on 8/25/2020) (rj) (Entered: 08/26/2020) |
| 08/26/2020 | <u>47</u> | FIRST LETTER MOTION to File Amicus Brief addressed to Judge Ronnie Abrams from Jeffrey Turkel dated August 25, 2020. Document filed by Rent Stabilization Association of NYC, Inc., Community Housing Improvement Program, Inc.. (Attachments: # <u>1</u> Exhibit Brief of Amici Curiae).(Riegel, Deborah) (Entered: 08/26/2020) |

| | | |
|---|---|---|
| 08/26/2020 | 48 | REPLY MEMORANDUM OF LAW in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief. and in Opposition to Defendants Motion to Dismiss* 37 . Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 08/26/2020) |
| 08/26/2020 | 49 | DECLARATION of Stephen P. Younger in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief..* Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit 1 - August 2020 Rental Trends Report, # 2 Exhibit 2 - July 2020 Rent Report, New York Hospitality Alliance, # 3 Exhibit 3 - Sydney Pereira, Thousands Of New Yorkers At Risk Of Eviction As Cuomo's Moratorium Expires - Gothamist, # 4 Exhibit 4 - Matthew Haag and Patrick McGeehan, Retail Chains Abandon Manhattan, # 5 Exhibit 5 - Newman Ferrara Solicitation, # 6 Exhibit 6 - The Maramont Corporation v. Generation Next Realty, Inc - Summons and Complaint, # 7 Exhibit 7 - Marin Scott, Landlords and Renters Struggling to Make Ends Meet During COVID-19, # 8 Exhibit 8 - SPONY Press Release, # 9 Exhibit 9 - Melissa Klein, New Yorkers Keep Moving out of the City to Suburbs, Other States, # 10 Exhibit 10 - Julie Satow, Movers in N.Y.C. Are So Busy They're Turning People Away, # 11 Exhibit 11 - Lauren Thomas, Retail Rents Plummet Across New York City, as America's Glitzy Shopping Districts Turn Into Ghost Towns, # 12 Exhibit 12 - Greg David and Rachel Smith, New York's Rents Drop as Vacancies Increase, # 13 Exhibit 13 - Governor Cuomo's Executive Order 202.55, # 14 Exhibit 14 - Governor Cuomo's Executive Order 202.55.1, # 15 Exhibit 15 - Governor Cuomo's Executive Order 202.57, # 16 Exhibit 16 - Prop. Int. 2007-2020, # 17 Exhibit 17 - New York State Senate Bill S8904, # 18 Exhibit 18 - August 2020 Resolution of the American Bar Association, # 19 Exhibit 19 - Samar Khurshid, Requests for Emergency Rent Grants Fell During Pandemic, # 20 Exhibit 20 - New York State Senate Bill S8139, # 21 Exhibit 21 - New York State Senate Bill S8190-A, # 22 Exhibit 22 - New York State Senate Bill S8125-A, # 23 Exhibit 23 - New York City COVID-19 Testing Data, # 24 Exhibit 24 - COVID-19 Pandemic Planning Scenarios).(Younger, Stephen) (Entered: 08/26/2020) |
| 08/26/2020 | 50 | DECLARATION of Santo Golino in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief..* Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit A, The Maramont Corporation v. Generation Next Realty, Inc - Summons and Complaint, # 2 Exhibit B, Sticky's Notice).(Younger, Stephen) (Entered: 08/26/2020) |
| 08/26/2020 | 51 | DECLARATION of Marcia Melendez in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief..* Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 08/26/2020) |
| 08/26/2020 | 52 | DECLARATION of Elias Bochner in Support re: 27 MOTION for Preliminary Injunction *and Declaratory Relief..* Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 08/26/2020) |
| 08/27/2020 | 53 | ORDER granting 47 Letter Motion to File Amicus Brief: Application granted. (Signed by Judge Ronnie Abrams on 8/27/2020) (jwh) (Entered: 08/27/2020) |
| 08/31/2020 | 54 | LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated August 31, 2020 re: Oral Argument. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 08/31/2020) |

| 09/01/2020 | 55 | MEMO ENDORSEMENT on re: 54 Letter filed by 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Top East Realty LLC, Ling Yang, ENDORSEMENT: Application granted. Oral argument will be held via Skype for Business. The day before oral argument, the Court will contact the parties regarding video-conferencing technology. The public may still listen to oral argument by calling the number below: Teleconference line: (888) 363-4749 Access Code: 1015508 SO ORDERED. (Signed by Judge Ronnie Abrams on 9/1/2020) ( Telephone Conference set for 9/11/2020 at 03:30 PM before Judge Ronnie Abrams.) (ks) (Entered: 09/01/2020) |
|---|---|---|
| 09/02/2020 | 56 | DECLARATION of Carlos Fernando Ugalde Alvarez in Support re: 37 MOTION to Dismiss *the Complaint*.. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Ugalde Alvarez, Carlos) (Entered: 09/02/2020) |
| 09/02/2020 | 57 | REPLY MEMORANDUM OF LAW in Support re: 37 MOTION to Dismiss *the Complaint*. . Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) (Entered: 09/02/2020) |
| 09/02/2020 | 58 | AMENDED COMPLAINT amending 1 Complaint, against Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.Document filed by Haight Trade LLC, 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Ling Yang, Top East Realty LLC, Elias Bochner, 287 7th Avenue Realty LLC. Related document: 1 Complaint,..(Younger, Stephen) (Entered: 09/02/2020) |
| 09/02/2020 | 59 | LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated September 2, 2020 re: Amended Complaint. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit A, Melendez Amended Complaint--Redline).(Younger, Stephen) (Entered: 09/02/2020) |
| 09/04/2020 | 60 | LETTER MOTION for Leave to File Address New Plaintiffs Claims *in September 2, 2020 Amended Complaint* addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated September 4, 2020. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. (Attachments: # 1 Exhibit A).(Koplik, Pamela) (Entered: 09/04/2020) |
| 09/04/2020 | 61 | ORDER granting in part and denying in part 60 Letter Motion for Leave to File Document. The parties are hereby directed to submit supplemental letters to the Court in advance of oral argument. The letters shall be submitted no later than 12:00 pm on Wednesday, September 9, 2020. The letters shall address: (1) Whether discovery will advance the arguments presented, and if so, how; (2) Whether the Plaintiffs have standing to challenge the Harassment Laws and which plaintiffs, if any, have standing to challenge the Guaranty Law; and (3) If the Court were to find the Harassment Laws do not violate the First Amendment of the Federal Constitution, on what grounds it could find that the laws violate Article 1, § 8 of the New York State Constitution. Additionally, Plaintiffs are directed to provide the Court and opposing counsel a copy of the lease agreementincluding the personal guaranty agreementbetween Plaintiff Bochner and his commercial tenant. If this document is already in the record, Plaintiffs are directed to identify it by docket and exhibit number for the Court. SO ORDERED. (Signed by Judge Ronnie Abrams on 9/4/2020) (kv) (Entered: 09/04/2020) |
| 09/08/2020 | 62 | MEMO ENDORSEMENT on re: 60 LETTER MOTION for Leave to File Address New Plaintiffs Claims *in September 2, 2020 Amended Complaint* addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated September 4, 2020. filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio. ENDORSEMENT: Defendants may have until noon on Thursday, September 10, 2020 to |

| | | |
|---|---|---|
| | | file a supplemental reply brief addressing Plaintiffs' amended complaint. Defendants' motion to adjourn oral argument is denied. SO ORDERED. (Signed by Judge Ronnie Abrams on 9/8/2020) (rro) (Entered: 09/08/2020) |
| 09/09/2020 | 63 | LETTER addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated September 9, 2020 re: Update about Proposed Legislation. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.. (Ugalde Alvarez, Carlos) (Entered: 09/09/2020) |
| 09/09/2020 | 64 | LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated September 9, 2020 re: Order Dated September 4, 2020. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit 1 - Defendants' Request for Production, # 2 Exhibit 2 - July 31, 2020 Letter re Production, # 3 Exhibit 3 - September 2, 2020 Letter re Production, # 4 Exhibit 4 - September 8, 2020 Letter re Production, # 5 Exhibit 5 - Supplemental Declaration of E. Bochner, # 6 Exhibit 6 - Notice of Motion for Preliminary Injunction).(Younger, Stephen) (Entered: 09/09/2020) |
| 09/09/2020 | 65 | LETTER addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated September 9, 2020 re: Court's inquiries set forth in its September 4, 2020 Order. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/09/2020) |
| 09/11/2020 | | Minute Entry for proceedings held before Judge Ronnie Abrams: Oral Argument held on 9/14/2020 re: 37 MOTION to Dismiss *the Complaint*. filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio, 27 MOTION for Preliminary Injunction *and Declaratory Relief*. filed by 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Top East Realty LLC, Ling Yang. (Court Reporter Rose Prater) (arc) Modified on 9/14/2020 (arc). (Entered: 09/14/2020) |
| 09/22/2020 | 66 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/11/2020 before Judge Ronnie Abrams. Court Reporter/Transcriber: Rose Prater, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/13/2020. Redacted Transcript Deadline set for 10/23/2020. Release of Transcript Restriction set for 12/21/2020..(McGuirk, Kelly) (Entered: 09/22/2020) |
| 09/22/2020 | 67 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/11/20 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 09/22/2020) |
| 09/23/2020 | 68 | LETTER addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated September 23, 2020 re: Legislative Update Regarding the Guaranty Law. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.. (Ugalde Alvarez, Carlos) (Entered: 09/23/2020) |
| 09/28/2020 | 69 | LETTER addressed to Judge Ronnie Abrams from Stephen P. Younger dated September 28, 2020 re: Update Regarding the Guaranty Law. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Younger, Stephen) (Entered: 09/28/2020) |

| 09/29/2020 | 70 | LETTER addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated September 29, 2020 re: Update Regarding the Guaranty Law. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.. (Ugalde Alvarez, Carlos) (Entered: 09/29/2020) |
|---|---|---|
| 11/25/2020 | 71 | OPINION & ORDER re: 37 MOTION to Dismiss *the Complaint.* filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio, 27 MOTION for Preliminary Injunction *and Declaratory Relief.* filed by 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Top East Realty LLC, Ling Yang. For the reasons stated above, Defendants' motion to dismiss is granted and Plaintiffs' claims are dismissed. Plaintiffs' motion for a preliminary injunction and preliminary declaratory judgment is also denied. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 27 and 37 and to terminate this case. (Signed by Judge Ronnie Abrams on 11/25/2020) (kv) Transmission to Orders and Judgments Clerk for processing. (Entered: 11/30/2020) |
| 11/30/2020 | 72 | CLERK'S JUDGMENT re: 71 Memorandum & Opinion in favor of City of New York, Bill de Blasio, Jonnel Doris, Louise Carroll against 1025 Pacific LLC, 287 7th Avenue Realty LLC, Haight Trade LLC, Jarican Realty Inc., Top East Realty LLC, Elias Bochner, Ling Yang, Marcia Melendez. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion & Order dated November 25, 2020, Defendants' motion to dismiss is granted and Plaintiffs' claims are dismissed. Plaintiffs' motion for a preliminary injunction and preliminary declaratory judgment is also denied; accordingly, this case is closed. (Signed by Clerk of Court Ruby Krajick on 11/30/2020) (Attachments: # 1 Right to Appeal) (km) (Entered: 11/30/2020) |
| 11/30/2020 | | Terminate Transcript Deadlines (km) (Entered: 11/30/2020) |
| 12/21/2020 | 73 | NOTICE OF APPEARANCE by Claude Gabriel Szyfer on behalf of 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Szyfer, Claude) (Entered: 12/21/2020) |
| 12/21/2020 | 74 | NOTICE OF APPEAL from 72 Clerk's Judgment,,, 71 Memorandum & Opinion,,,. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. Filing fee $ 505.00, receipt number ANYSDC-23137727. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Szyfer, Claude) (Entered: 12/21/2020) |
| 12/22/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 74 Notice of Appeal,..(nd) (Entered: 12/22/2020) |
| 12/22/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 74 Notice of Appeal, filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Elias Bochner, Top East Realty LLC, Ling Yang were transmitted to the U.S. Court of Appeals..(nd) (Entered: 12/22/2020) |
| 10/28/2021 | 75 | USCA Opinion (Certified) as to 74 Notice of Appeal, filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Elias Bochner, Top East Realty LLC, Ling Yang. USCA Case Number 20-4238. The judgment of the district court is AFFIRMED IN PART, insofar as it dismissed plaintiffs' First Amendment and Fourteenth Amendment challenges to the Harassment Amendments; REVERSED IN PART, insofar as it dismissed plaintiffs Contracts Clause challenge to the Guaranty Law; VACATED IN PART, insofar as it denied plaintiffs' motion for preliminary injunctive and declaratory relief without review; and the case is |

| | | |
|---|---|---|
| | | REMANDED for further proceedings consistent with this opinion, including prompt consideration of the merits of the reinstated preliminary injunction/declaratory judgment motion. The Clerk of Court is instructed that any appeals from further rulings by the district court in this case shall return to this panel... Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 10/28/2021. (Attachments: # 1 concurring and dissenting in part opinion).(nd) (Entered: 10/28/2021) |
| 10/28/2021 | | Transmission of USCA Opinion to the District Judge re: 75 USCA Opinion..(nd) (Entered: 10/28/2021) |
| 01/26/2022 | 76 | MANDATE of USCA (Certified Copy) as to 74 Notice of Appeal, filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Elias Bochner, Top East Realty LLC, Ling Yang. USCA Case Number 20-4238. IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED IN PART, insofar as it dismissed plaintiffs' First Amendment and Fourteenth Amendment challenges to the Harassment Amendments; REVERSED IN PART, insofar as it dismissed plaintiffs' Contracts Clause challenge to the Guaranty Law; VACATED IN PART, insofar as it denied plaintiffs' motion for preliminary injunctive and declaratory relief without review; and the case is REMANDED for further proceedings consistent with this Court's opinion.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 1/26/2022. (Attachments: # 1 Opinion, # 2 Concurring Opinion).(nd) (Entered: 01/26/2022) |
| 01/26/2022 | | Transmission of USCA Mandate/Order to the District Judge re: 76 USCA Mandate,,,,.. (nd) (Entered: 01/26/2022) |
| 01/26/2022 | 77 | ORDER: Accordingly, the Court will consider Plaintiffs' motion for preliminary injunctive and declaratory relief on the merits. Although this motion is fully briefed, over a year has passed since that briefing was completed. By no later than January 31, 2022, the parties shall submit a joint letter stating whether they wish to rest on their existing briefing or prefer to file supplemental or replacement briefs. If the parties elect to supplement or replace their briefs, they shall also propose a briefing schedule. The Court will schedule a hearing on the preliminary injunction motion after briefing is complete. (Signed by Judge Ronnie Abrams on 1/26/2022) (ate) (Entered: 01/26/2022) |
| 01/31/2022 | 78 | LETTER MOTION for Extension of Time *for Defendants to Respond to Amended Complaint and Joint Letter Concerning Supplemental Briefing on Plaintiffs' Motion for Preliminary Injunctive and Declaratory Relief* addressed to Judge Ronnie Abrams from Pamela A. Koplik and Carlos F. Ugalde Alvarez dated January 31, 2022. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) (Entered: 01/31/2022) |
| 02/01/2022 | 79 | ORDER granting 78 Letter Motion for Extension of Time. The Court adopts the following schedule: Defendants shall file their answer to Plaintiffs' Amended Complaint by February 28, 2022. Plaintiffs shall serve and file moving papers in support of their motion for preliminary injunctive and declaratory relief by March 28, 2022. Defendants shall serve and file papers in opposition to Plaintiffs' motion for preliminary injunctive and declaratory relief by April 28, 2022. Plaintiffs shall serve and file reply papers in further support of their motion for preliminary injunctive and declaratory relief by May 12, 2022. The Court will schedule a hearing on Plaintiffs' motion after the completion of briefing. Upon filing each of their briefs, the parties shall clearly state whether they intend for their current briefs to supplement their 2020 briefs or replace their 2020 briefs entirely. Motions due by 3/28/2022. (Signed by Judge Ronnie Abrams on 2/1/2022) (ate) (Entered: 02/01/2022) |
| 02/01/2022 | | Set/Reset Deadlines: Louise Carroll answer due 2/28/2022; City of New York answer due 2/28/2022; Jonnel Doris answer due 2/28/2022; Bill de Blasio answer due 2/28/2022. |

| | | Responses due by 4/28/2022. Replies due by 5/12/2022. (ate) (Entered: 02/01/2022) |
|---|---|---|
| 02/04/2022 | 80 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - MOTION for Carlos Fernando Ugalde Alvarez to Withdraw as Attorney *of Record for Defendants*. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) Modified on 2/4/2022 (db). (Entered: 02/04/2022) |
| 02/04/2022 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Carlos Fernando Ugalde Alvarez to RE-FILE Document 80 MOTION for Carlos Fernando Ugalde Alvarez to Withdraw as Attorney *of Record for Defendants*. ERROR(S): Supporting documents are filed separately, each receiving their own document #. (db) (Entered: 02/04/2022) |
| 02/04/2022 | 81 | MOTION for Carlos Fernando Ugalde Alvarez to Withdraw as Attorney *of Record for Defendants*. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Ugalde Alvarez, Carlos) (Entered: 02/04/2022) |
| 02/04/2022 | 82 | AFFIRMATION of Carlos Fernando Ugalde Alvarez in Support re: 81 MOTION for Carlos Fernando Ugalde Alvarez to Withdraw as Attorney *of Record for Defendants*.. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.. (Ugalde Alvarez, Carlos) (Entered: 02/04/2022) |
| 02/07/2022 | 83 | MEMO ENDORSEMENT granting 81 Motion to Withdraw as Attorney. ENDORSEMENT: Application granted. The Clerk of Court is respectfully directed to terminate Mr. Ugalde Alvarez from the docket. Attorney Carlos Fernando Ugalde Alvarez terminated. (Signed by Judge Ronnie Abrams on 2/7/2022) (rro) (Entered: 02/07/2022) |
| 02/10/2022 | 84 | LETTER MOTION for Extension of Time to File Answer re: 58 Amended Complaint, addressed to Judge Ronnie Abrams from Pamela A. Koplik dated February 10, 2022. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.. (Koplik, Pamela) (Entered: 02/10/2022) |
| 02/11/2022 | 85 | ORDER granting 84 Letter Motion for Extension of Time to Answer re 84 LETTER MOTION for Extension of Time to File Answer re: 58 Amended Complaint, addressed to Judge Ronnie Abrams from Pamela A. Koplik dated February 10, 2022., 58 Amended Complaint,. Application granted. SO ORDERED. Louise Carroll answer due 3/7/2022; City of New York answer due 3/7/2022; Jonnel Doris answer due 3/7/2022; Bill de Blasio answer due 3/7/2022. (Signed by Judge Ronnie Abrams on 2/11/2022) (ate) (Entered: 02/11/2022) |
| 03/07/2022 | 86 | ANSWER to 58 Amended Complaint,. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 03/07/2022) |
| 03/16/2022 | 87 | NOTICE of Withdrawl. Document filed by 1025 Pacific LLC, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Cruz, Alejandro) (Entered: 03/16/2022) |
| 03/17/2022 | 88 | MEMO ENDORSEMENT on re: 87 Notice (Other) filed by 1025 Pacific LLC, Jarican Realty Inc., Marcia Melendez, Haight Trade LLC, Top East Realty LLC, Ling Yang. ENDORSEMENT: Application granted. SO ORDERED. Attorney Alejandro Hari Cruz terminated. (Signed by Judge Ronnie Abrams on 3/17/2022) (jca) (Entered: 03/17/2022) |
| 03/18/2022 | 89 | NOTICE OF APPEARANCE by Darya Dmitrievna Anichkova on behalf of 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Anichkova, Darya) (Entered: 03/18/2022) |
| 03/18/2022 | 90 | NOTICE OF APPEARANCE by David Jonathan Kahne on behalf of 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., |

| | | | |
|---|---|---|---|
| | | | Marcia Melendez, Top East Realty LLC, Ling Yang..(Kahne, David) (Entered: 03/18/2022) |
| 03/28/2022 | 91 | | MOTION for Declaratory Judgment . Document filed by 287 7th Avenue Realty LLC, Elias Bochner..(Szyfer, Claude) (Entered: 03/28/2022) |
| 03/28/2022 | 92 | | MEMORANDUM OF LAW in Support re: 91 MOTION for Declaratory Judgment . . Document filed by 287 7th Avenue Realty LLC, Elias Bochner..(Szyfer, Claude) (Entered: 03/28/2022) |
| 03/28/2022 | 93 | | RULE 56.1 STATEMENT. Document filed by 287 7th Avenue Realty LLC, Elias Bochner..(Szyfer, Claude) (Entered: 03/28/2022) |
| 04/08/2022 | 94 | | NOTICE OF APPEARANCE by Scali Riggs on behalf of Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Riggs, Scali) (Entered: 04/08/2022) |
| 04/11/2022 | 95 | | FIRST LETTER MOTION for Extension of Time *To Respond to Plaintiffs' Motion for Declaratory Summary Judgment* addressed to Judge Ronnie A. Koplik & Scali Riggs dated April 11, 2022. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. (Attachments: # 1 Exhibit Exhibit A).(Koplik, Pamela) (Entered: 04/11/2022) |
| 04/12/2022 | 96 | | ORDER granting 95 Letter Motion for Extension of Time. The Court will grant an extension of the briefing schedule for purposes of a three-month discovery period. Defendants' opposition shall be filed by July 28, 2022; Plaintiff's reply shall be filed by August 4, 2022. No further briefing extensions shall be granted absent good cause. The Court will hold a hearing on Plaintiff's motion on August 10, 2022 at 4:00 p.m. The hearing may be held either in person or remotely, according to the parties' preferences. SO ORDERED.. (Signed by Judge Ronnie Abrams on 4/12/2022) (jca) (Entered: 04/12/2022) |
| 04/12/2022 | | | Set/Reset Deadlines: Responses due by 7/28/2022 Replies due by 8/4/2022. (jca) (Entered: 04/12/2022) |
| 04/12/2022 | | | Set/Reset Deadlines as to Motion Hearing set for 8/10/2022 at 04:00 PM before Judge Ronnie Abrams. (jca) (Entered: 04/12/2022) |
| 07/22/2022 | 97 | | JOINT LETTER MOTION for Extension of Time */Claude G. Szyfer Joint Letter Motion for Extension of Time on briefing schedule on Plaintiffs' Motion for Summary Judgment* addressed to Judge Ronnie Abrams from Claude G. Szyfer dated July 22, 2022., JOINT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Ronnie Abrams from Claude G. Szyfer dated July 22, 2022. Document filed by 287 7th Avenue Realty LLC, Elias Bochner..(Szyfer, Claude) (Entered: 07/22/2022) |
| 07/25/2022 | 98 | | ORDER granting 97 Letter Motion for Extension of Time; granting 97 Letter Motion for Extension of Time to Complete Discovery. Application granted. The Court will reschedule oral argument on Plaintiffs' motion for summary judgment after the completion of briefing. Cross Motions due by 10/4/2022. Discovery due by 8/26/2022. (Signed by Judge Ronnie Abrams on 7/25/2022) (ate) (Entered: 07/25/2022) |
| 07/25/2022 | | | Set/Reset Deadlines: Responses due by 10/4/2022. Replies due by 10/18/2022. (ate) (Entered: 07/25/2022) |
| 09/09/2022 | 99 | | SECOND LETTER MOTION for Extension of Time *To Respond to Plaintiffs' Motion for Declaratory Summary Judgment* addressed to Judge Ronnie Abrams from Pamela A. Koplik & Scali Riggs dated September 9, 2022. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/09/2022) |

| 09/12/2022 | 100 | ORDER granting 99 Letter Motion for Extension of Time. Application granted. The Court will reschedule oral argument on Plaintiffs' motion for summary judgment after the completion of briefing. (Signed by Judge Ronnie Abrams on 9/12/2022) (ate) (Entered: 09/12/2022) |
| --- | --- | --- |
| 09/12/2022 | | Set/Reset Deadlines: Responses due by 10/14/2022. Replies due by 10/28/2022. (ate) (Entered: 09/12/2022) |
| 09/23/2022 | 101 | CROSS MOTION for Summary Judgment . Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/23/2022) |
| 09/23/2022 | 102 | RULE 56.1 STATEMENT. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/23/2022) |
| 09/23/2022 | 103 | MEMORANDUM OF LAW in Support re: 101 CROSS MOTION for Summary Judgment . . Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/23/2022) |
| 09/23/2022 | 104 | DECLARATION of Pamela A. Koplik in Support re: 101 CROSS MOTION for Summary Judgment .. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E1, # 6 Exhibit E2, # 7 Exhibit E3, # 8 Exhibit E4, # 9 Exhibit E5, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Exhibit K, # 16 Exhibit L, # 17 Exhibit M, # 18 Exhibit N, # 19 Exhibit O, # 20 Exhibit P, # 21 Exhibit Q, # 22 Exhibit R, # 23 Exhibit S, # 24 Exhibit T, # 25 Exhibit U, # 26 Exhibit V, # 27 Exhibit W, # 28 Exhibit X, # 29 Exhibit Y, # 30 Exhibit Z, # 31 Exhibit AA, # 32 Exhibit BB, # 33 Exhibit CC, # 34 Exhibit DD, # 35 Exhibit EE, # 36 Exhibit FF, # 37 Exhibit GG, # 38 Exhibit HH, # 39 Exhibit II, # 40 Exhibit JJ, # 41 Exhibit KK, # 42 Exhibit LL, # 43 Exhibit MM, # 44 Exhibit NN, # 45 Exhibit OO1, # 46 Exhibit OO2, # 47 Exhibit PP, # 48 Exhibit QQ, # 49 Exhibit RR, # 50 Exhibit SS, # 51 Exhibit TT, # 52 Exhibit UU, # 53 Exhibit VV).(Koplik, Pamela) (Entered: 09/23/2022) |
| 09/23/2022 | 105 | DECLARATION of Coby Kalter in Support re: 101 CROSS MOTION for Summary Judgment .. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/23/2022) |
| 09/23/2022 | 106 | COUNTER STATEMENT TO 93 Rule 56.1 Statement. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 09/23/2022) |
| 09/23/2022 | 107 | NOTICE OF APPEARANCE by Michael James Harris on behalf of Volunteers of Legal Service..(Harris, Michael) (Entered: 09/23/2022) |
| 09/23/2022 | 108 | NOTICE OF APPEARANCE by Jonathan A Herstoff on behalf of Volunteers of Legal Service..(Herstoff, Jonathan) (Entered: 09/23/2022) |
| 09/23/2022 | 109 | LETTER MOTION for Leave to File Supplemental Amicus Brief addressed to Judge Ronnie Abrams from Michael J. Harris dated September 23, 2022. Document filed by Volunteers of Legal Service. (Attachments: # 1 Exhibit Supplemental Amicus Brief of Volunteers of Legals Service, # 2 Affidavit Declaration of Peter Kempner, Esq.).(Harris, Michael) (Entered: 09/23/2022) |
| 10/14/2022 | 110 | MEMORANDUM OF LAW in Opposition re: 101 CROSS MOTION for Summary Judgment . /Plaintiffs' Reply Memorandum of Law in Support of their Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Szyfer, Claude) (Entered: 10/14/2022) |

| 10/14/2022 | 111 | COUNTER STATEMENT TO 102 Rule 56.1 Statement. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang..(Szyfer, Claude) (Entered: 10/14/2022) |
|---|---|---|
| 10/14/2022 | 112 | DECLARATION of Claude G. Szyfer in Opposition re: 101 CROSS MOTION for Summary Judgment .. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit 1 - Bochner0000117-120, # 2 Exhibit 2 - Bochner0000112-116).(Szyfer, Claude) (Entered: 10/14/2022) |
| 10/28/2022 | 113 | DECLARATION of Pamela A. Koplik in Support re: 101 CROSS MOTION for Summary Judgment .. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Koplik, Pamela) (Entered: 10/28/2022) |
| 10/28/2022 | 114 | REPLY MEMORANDUM OF LAW in Support re: 101 CROSS MOTION for Summary Judgment . . Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio..(Koplik, Pamela) (Entered: 10/28/2022) |
| 11/02/2022 | 115 | ORDER Pending before the Court are Plaintiff's motion for summary judgment, see Dkt. 91, and Defendants' cross motion for summary judgment, see Dkt. 101. Oral argument will be held on December 12, 2022 at 11:00 a.m. By no later than December 5, 2022, the parties shall file a joint letter advising the Court as to whether they prefer to hold the argument in person or remotely via videoconference. (Oral Argument set for 12/12/2022 at 11:00 AM before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 11/2/2022) (jca) (Entered: 11/02/2022) |
| 11/30/2022 | 116 | ORDER: Accordingly, no later than December 7, 2022, the parties are directed to file supplemental letters, specifically addressing: (1) whether Plaintiffs Elias Bochner and 287 7th Avenue Realty LLC have established jurisdiction, including by demonstrating Article III standing; (2) whether this action is ripe for judicial review; (3) whether it would have been futile for Plaintiffs Bochner and 287 7th Avenue Realty LLC to have sought enforcement of the guarantee clause in their commercial rental contract. (Signed by Judge Ronnie Abrams on 11/30/2022) (ate) (Entered: 11/30/2022) |
| 12/05/2022 | 117 | JOINT LETTER addressed to Judge Ronnie Abrams from Claude G. Szyfer dated December 5, 2022 re: in Response to the Court's 11/2/2022 Order. Document filed by 287 7th Avenue Realty LLC, Elias Bochner..(Szyfer, Claude) (Entered: 12/05/2022) |
| 12/06/2022 | 118 | MEMO ENDORSEMENT on re: 117 Letter filed by 287 7th Avenue Realty LLC, Elias Bochner. ENDORSEMENT: Oral argument on the cross motions for summary judgment in this action shall be held on December 12, 2022 at 11:00 a.m. in Courtroom 1506 of the Thurgood Marshall Courthouse at 40 Foley Square. ( Oral Argument set for 12/12/2022 at 11:00 AM in Courtroom 1506, 40 Centre Street, New York, NY 10007 before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 12/6/2022) (ate) (Entered: 12/06/2022) |
| 12/07/2022 | 119 | LETTER addressed to Judge Ronnie Abrams from Claude G. Szyfer dated December 7, 2022 re: Supplemental Letter Brief in Response to order entered 11/30/2022 - ECF No. 116. Document filed by 1025 Pacific LLC, 287 7th Avenue Realty LLC, Elias Bochner, Haight Trade LLC, Jarican Realty Inc., Marcia Melendez, Top East Realty LLC, Ling Yang. (Attachments: # 1 Exhibit A - email chain).(Szyfer, Claude) (Entered: 12/07/2022) |
| 12/07/2022 | 120 | LETTER addressed to Judge Ronnie Abrams from Pamela A. Koplik & Scali Riggs dated December 7, 2022 re: Supplemental Letter Brief Pursuant to Court's November 30, 2022 |

| | | |
|---|---|---|
| | | Order. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio.. (Koplik, Pamela) (Entered: 12/07/2022) |
| 12/12/2022 | | Minute Entry for proceedings held before Judge Ronnie Abrams: Oral Argument held on 12/12/2022 re: 101 CROSS MOTION for Summary Judgment . filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio, 91 MOTION for Declaratory Judgment . filed by 287 7th Avenue Realty LLC, Elias Bochner. (Court Reporter Paula Horovitz) (arc) (Entered: 12/12/2022) |
| 12/19/2022 | 121 | TRANSCRIPT of Proceedings re: CONFERENCE held on 12/12/2022 before Judge Ronnie Abrams. Court Reporter/Transcriber: Paula Horovitz, (212) 805-0348. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2023. Redacted Transcript Deadline set for 1/19/2023. Release of Transcript Restriction set for 3/20/2023..(McGuirk, Kelly) (Entered: 12/19/2022) |
| 12/19/2022 | 122 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 12/12/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 12/19/2022) |
| 03/31/2023 | 123 | OPINION & ORDER re: 101 CROSS MOTION for Summary Judgment . filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio, 109 LETTER MOTION for Leave to File Supplemental Amicus Brief addressed to Judge Ronnie Abrams from Michael J. Harris dated September 23, 2022. filed by Volunteers of Legal Service, 91 MOTION for Declaratory Judgment . filed by 287 7th Avenue Realty LLC, Elias Bochner. Accordingly, Plaintiffs' motion for summary judgment is granted, and Defendants' motion for summary judgment denied. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 91, 101, and 109, and to close this case. (Signed by Judge Ronnie Abrams on 3/31/2023) (ate) (Entered: 03/31/2023) |
| 03/31/2023 | | Terminate Transcript Deadlines (ate) (Entered: 03/31/2023) |
| 04/26/2023 | 124 | NOTICE OF APPEAL from 123 Memorandum & Opinion,,,,. Document filed by Louise Carroll, City of New York, Jonnel Doris, Bill de Blasio. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Koplik, Pamela) (Entered: 04/26/2023) |
| 04/27/2023 | | Appeal Fee Due: for 124 Notice of Appeal.$505.00 Appeal fee due by 5/11/2023..(nd) (Entered: 04/27/2023) |
| 04/27/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 124 Notice of Appeal..(nd) (Entered: 04/27/2023) |
| 04/27/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 124 Notice of Appeal filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/27/2023) |
| 05/05/2023 | 125 | USCA Appeal Fees received $ 505.00 receipt number 15857 on 05/05/2023 re: 124 Notice of Appeal filed by Louise Carroll, Jonnel Doris, City of New York, Bill de Blasio. **USCA Case No. 23-683.** .(nd) (nd). (Entered: 05/05/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/09/2023 16:23:33 | | | |
| **PACER Login:** | jdavies25 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-05301-RA |
| **Billable Pages:** | 24 | **Cost:** | 2.40 |

```
┌─────────────────────────────┐
│ USDC-SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC#:                       │
│ DATE FILED: 03/31/2023      │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELENDEZ, *et al.*,

                Plaintiffs,

       v.

THE CITY OF NEW YORK, *et al.*,

                Defendants.

---

No. 20-CV-5301 (RA)

<u>OPINION & ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

       The COVID-19 pandemic presented an extraordinary set of challenges, impacting nearly every aspect of life across the globe, in some ways that we are only now beginning to understand. Managing the devastation wrought by the pandemic required a response from government at all levels, and federal, state, and local actors moved swiftly to enact legislation aimed at addressing widespread health and economic concerns. New York City found itself in a particularly vulnerable position in the early days of the pandemic, as cases of the virus soared and local businesses faced ruin seemingly overnight. As part of its pandemic response, the New York City Council considered and adopted a package of legislation aimed at alleviating the financial burdens facing small businesses. At issue in the present action is one law, N.Y.C. Local L. No. 55 of 2020 (the "Guaranty Law" or "Law"), rapidly adopted in that well-intentioned effort.

       Plaintiffs Elias Bochner and his business, 287 7th Avenue Realty LLC, commercial landlords, brought this action alleging, as relevant here, that the Guaranty Law violates the Contracts Clause of the United States Constitution, as it renders so-called "guaranty clauses" in commercial leases in the City unenforceable for any unpaid rent between March 7, 2020 and June 30, 2021. In so doing, Plaintiffs argue, the Law permanently reallocated substantial financial

burdens exclusively upon commercial landlords, leaving them without legal recourse or compensation, even as the pandemic's effects subside, and even without requiring that guarantors demonstrate any financial hardship or need justifying nonpayment.

While recognizing the "burden [the] law puts on landlords" and expressly declining to "minimize the Guaranty Law's harm to Plaintiff[s]," this Court previously granted the City's motion to dismiss the Complaint, reasoning that Contracts Clause caselaw required "substantial deference" to "policymakers making good-faith efforts to act in the public interest." *Melendez v. City of New York*, 503 F. Supp. 3d 13, 32, 36 (S.D.N.Y. 2020). The Second Circuit reversed in part, identifying "five serious concerns" about the Law being a "reasonable and appropriate means" for the City to achieve its professed public purpose, as the Contracts Clause requires. *Melendez v. City of New York*, 16 F.4th 992, 1038–47 (2d Cir. 2021). The Circuit thus directed the City to develop the record to "identify . . . circumstances relevant to determining whether the Guaranty Law is [] reasonable and appropriate." *Id*. at 1046.

Now before the Court are cross-motions for summary judgment filed by Plaintiffs and the City. Guided by the Second Circuit's specific and thorough instruction, the Court finds that the City has been unable to adduce record evidence demonstrating that the Guaranty Law is reasonably tailored to accomplish its legitimate policy goals. Accordingly, for the reasons that follow, the Court concludes that the Guaranty Law violates the Contracts Clause; Plaintiffs' motion for summary judgment is therefore granted, and the City's motion denied.

## BACKGROUND

The Court described the facts giving rise to this action at length in its prior opinion dismissing the Complaint. *See Melendez*, 503 F. Supp. 3d at 19–27. For the sake of completeness, however, factual background related to the COVID-19 pandemic response at the time of the

Guaranty Law's passage is reiterated again below, together with the evidence presented following remand.

*I.     The State's Response to the Pandemic*

The New York State Legislature, together with the Chief Judge of the New York Administrative Courts and the Governor, responded to the COVID-19 crisis with numerous regulations aimed at protecting the health, safety, and economic wellbeing of the people of New York. On March 3, 2020, the New York State Legislature amended section 29-a of the New York Executive Law, granting the Governor the power to "issue any directive during a state disaster emergency" that the Governor deemed "necessary to cope with the disaster." S*ee* SB S7919; N.Y. Exec. Law Art. 2-B § 29-a. The amendment also expanded the Governor's existing authority to temporarily suspend "any statute, local law, ordinance, or orders, rules or regulations," as necessary to aid with coping with the disaster. *Id*.

Following this expansion in authority, the Governor passed a series of executive orders. On March 7, 2020, the Governor issued EO 202, which declared a state of emergency in New York until September 7, 2020. N.Y. Exec. Order No. 202 (Mar. 7, 2020), Dkt. 38, Ex. B. The order "authorize[d] all necessary State agencies to take appropriate action to assist local governments and individuals in containing, preparing for, responding to and recovering from this state disaster emergency." The Governor subsequently filed a series of executive orders mandating the closure of the vast majority of businesses in the state. *See, e.g*., N.Y. Exec. Order No. 202.3 (Mar. 16, 2020), Dkt. 29, Ex. 18 (prohibiting bars and restaurants from serving food or beverages on premises and closing gyms and movie theatres); N.Y. Exec. Order No. 202.5 (Mar. 18, 2020), Dkt. 38, Ex. D (closing indoor malls, amusement parks, aquariums, zoos, and arcades); N.Y. Exec. Order No. 202.6 (Mar. 18, 2020), Dkt. 38, Ex. E (closing all non-essential businesses); N.Y. Exec.

Order No. 202.7 (Mar. 19, 2020), Dkt. 29, Ex. 20 (ordering barbershops, salons, and tattoo parlors to close).

The Governor also issued a series of executive orders regulating matters of housing. For example, Executive Order 202.8 announced a ninety-day moratorium on commercial and residential evictions and foreclosures. N.Y. Exec. Order No. 202.8 (Mar. 20, 2020), Dkt. 29, Ex. 21. Executive Order 202.9 instructed the Superintendent of the Department of Financial Services to ensure that "any person or entity facing a financial hardship due to the COVID-19 pandemic" be given the opportunity for a forbearance of mortgage payments. N.Y. Exec. Order No. 202.9 (Mar. 21, 2020), Dkt. 38, Ex. H. Executive Order 202.28 mandated that residential landlords allow tenants facing financial hardships due to the pandemic to use their security deposits to pay past-due rent, and prohibited landlords from demanding late payment fees for rent due and owing from March to August. N.Y. Exec. Order No. 202.28 (May 7, 2020), Dkt. 29, Ex. 23.

In June 2020, the state legislature passed a series of laws further regulating matters of housing. On June 17, it passed the Emergency Rent Relief Act ("ERRA"), which was initially to remain in effect until July 2021. 2020 Sess. Law News of N.Y. Ch. 125 (S. 8419) § 3, Dkt. 29, Ex. 26. Section 2.2 of the act authorized the state housing commissioner to establish a residential rent relief program for those affected by COVID-19. *Id*. § 2.2. Section 2.4 provided for rental subsidies, capped at 125 percent fair market rent, to be paid directly to landlords in the form of a rent-voucher. *Id*. § 2.4. Priority for these vouchers was to be given to those with greatest social and economic need. *Id*. § 2.7. That same date, the legislature amended the State Banking Law, adding § 9-x, which required all entities regulated by the New York Department of Financial Services to grant forbearance on all monthly mortgage payments for up to 180 days, subject to certain restrictions. N.Y. C.L.S. Bank § 9-x (2020), Dkt. 39. Ex. EE. And on June 30, the

legislature passed the Tenant Safe Harbor Act ("TSHA"). 2020 Sess. Law News of N.Y. Ch. 125 (S. 8192-B), Dkt. 29, Ex. 27. The TSHA prohibits courts from issuing warrants of eviction against those residential tenants who have suffered financial hardship during the COVID-19 period for rent due and owing during that period. *Id*. § 2.1. The TSHA instructed courts to consider factors such as change in income and liquid assets in determining whether a tenant suffered "financial hardship." *Id*. § 2.2(b). Section 3 of the law provided that—notwithstanding the other restrictions it imposed—courts may still award a judgment for rent due and owing in a summary proceeding. *Id* § 3.

The Chief Administrative Judge of the NY Courts also issued a series of administrative orders, some of which prohibited the initiation of foreclosures on commercial properties and suspended commercial and residential evictions. *See, e.g.*, N.Y. Admin. Order No. 68/20 (Mar. 16, 2020), Dkt. 38, Ex. AA (suspending all eviction proceedings until further notice); N.Y. Admin. Order No. 157/20 (July 23, 2020), Dkt. 56, Ex. C (prohibiting the initiation of foreclosures on commercial mortgages for non-payment if the property owner is facing financial hardships due to COVID-19); N.Y. Admin. Order No. 160A/20 (Aug. 13, 2020), Dkt. 56, Ex. D (continuing to prohibit the initiation of eviction proceedings for commercial tenants if the tenant is facing financial hardships due to COVID-19 and suspending all residential eviction proceedings commenced after March 1).

## II. *The City's Guaranty Law*

New York City's City Council also passed a slate of local ordinances to combat the pandemic's economic impact. Of relevance on remand is one of those laws, first passed on May 26, 2020, Local Law No. 55-2020, known as the "Guaranty Law." It provides:

> A provision in a commercial lease or other rental agreement involving real property located within the city that provides for one or more natural persons who are not

the tenant under such agreement to become, upon the occurrence of a default or other event, wholly or partially personally liable for payment of rent, utility expenses or taxes owed by the tenant under such agreement, or fees and charges relating to routine building maintenance owed by the tenant under such agreement, shall not be enforceable against such natural persons if the conditions of paragraph 1 and 2 are satisfied.

*Id*. § 22-1005. The first requirement for the Guaranty Law to apply is that either

(a) The tenant was required to cease serving patrons food or beverage for on-premises consumption or to cease operation under executive order number 202.3 issued by the governor on March 16, 2020;

(b) The tenant was a non-essential retail establishment subject to in-person limitations under guidance issued by the New York state department of economic development pursuant to executive order number 202.6 issued by the governor on March 18, 2020; or

(c) The tenant was required to close to members of the public under executive order number 202.7 issued by the governor on March 19, 2020.

*Id*. § 22-1005(1)(1). The second requirement is that "[t]he default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and September 30, 2020, inclusive." *Id*. § 22-1005(1)(2).

On September 28, 2020, the Guaranty Law was extended to encompass all liabilities that accrued between September 30, 2020 and March 31, 2021. N.Y.C. Local L. No. 98 of 2020; *see also* Dkt. 69 (Plaintiffs' letter describing the extension). The Law was extended for a final time on March 25, 2021 to encompass liability for unpaid rent on commercial leases through June 30, 2021. N.Y.C. Local L. No. 50 of 2021.

The Guaranty Law was passed in its first iteration relatively quickly. It was introduced during a New York City Council meeting on April 22, 2020, and passed just over a month later. Koplik Decl. ¶ 4, Dkt. 104; *see also id.*, Ex. B. On April 29, 2020, the Council's Committee on Housing and Building and the Committee on Consumer Affairs and Business Licensing released a report discussing the pandemic's effect on small businesses and the need for laws like the Guaranty Law. *See* Dkt. 104, Ex. C. The report noted that, while the State's efforts "to support

6

small businesses during this crisis have provided some measure of relief for small business owners

and their employees," there were a "range of outstanding issues that continue to make operating a

business during the pandemic particularly difficult." *Id*. at 28. Specifically, the report expressed

concern with "[b]usinesses who experience a drop in revenue due to COVID-19 . . . fac[ing] added

legal pressure to meet financial obligations," including "imposing personal liability." *Id*. at 28–

29. The report further noted that "[w]ithout recourse, landlords and debt servicers may resort to

threats, which continues to make protecting businesses from harassment an important issue as the

City grapples with the effects of COVID-19." *Id* at 29.

The Committees also held a series of open hearings on the Law, inviting feedback from "a

broad spectrum of stakeholders including tenants, property owners, the Marshals, Sheriff's, the

advocates, and the public, so that the council can get a better perspective on both sides of the

issue." Dkt. 29, Ex. 33 at 8. During the April 29 hearing on the proposed Guaranty Law, the

Committee heard from individuals and groups like the Deputy Commissioner of Policy and

Intergovernmental Affairs of the New York City Commission on Human Rights, REBNY, the

New York City Community Housing Improvement Program ("CHIP"), and the Legal Aid Society,

Dkt. 104, Ex. D, and received almost 1,000 pages of written testimony from representatives from

the New York City Department of Small Business Services ("SBS"), REBNY, United for Small

Businesses NYC, Volunteers of Legal Service ("VOLS"), CHIP, and the Legal Aid Society. Dkt.

104, Exs., E-1, E-2, E-3, E-4, E-5.

During the hearing, the majority of testimony received—both from council members and

community stakeholders—expressed support for the Law, and spoke compellingly about the harms

the Law would help to ameliorate. Gabriel Stulman, CEO and Founder of Happy Cooking

Hospitality, for example, explained to the Council, "[e]motionally and financially I am preparing

for this possibility of going bankrupt and belly up," further stating, "I am concerned that my landlords in *addition* to them keeping my security deposits (most of them 3 months and in excess of $60,000) are entitled to—and likely will—sue me personally for my obligations under my various leases." Def. 56.1 ¶ 32; Dkt. 104, Ex. E1 at 106–07 (emphasis in original). Stulman noted that he believed the Guaranty Law would be "instrumental" to his "existence" and that of "most small businesses in this city." *Id*. Then-Speaker Corey Johnson agreed, arguing that "[m]any businesses will be forced to shut down for good if they don't get more help." Def. 56.1 ¶ 21; Dkt. 104, Ex. D at 10:11–11:13.

Several speakers, however, expressed specific reservations about the Guaranty Law's efficiency and even its legality. Council Member Yerger explained at the April 28 hearing that he was "worried about the small landlords" and urged that any effort to provide relief for commercial tenants should "go hand [in] hand with relief for landlords." Dkt. 29, Ex. 33 at 46. Perhaps most notably, at the hearing the next day, he again raised concerns, and explicitly argued that the Guaranty Law was a "violation of Article I Section 10," the Contracts Clause, and that:

> [t]he city cannot retroactively adjust, amend a contract that was entered into by two parties at arm's length. You can't do it, [it's] illegal . . . . Emergency or not, and this is the real epitome of an emergency . . . . but we have an obligation to actually be honest with New Yorkers.

Dkt. 104, Ex. D at 89. He went on to say that that the Law "feels unconstitutional," and that the City did not "have the legal authority to go backward into a contract that was entered into five, six, seven . . . years ago," in order to "amend [it] retroactively to remove a provision." *Id*.

As applicable for the purposes of the present motion, a local landlord, Elias Bochner, claims to have been harmed by the Guaranty Law. Plaintiff Bochner, through his company, Plaintiff 287 7th Avenue Realty LLC, owns a mixed-use property in Manhattan with a commercial space. Pl. 56.1 ¶ 16. Bochner and his family rely on the rental payments for income. *Id*. Bochner's

commercial tenants have a so-called "good guy" personal guaranty clause in their lease, which requires the guarantor to pay the tenant's rent from the date the tenant's business fails through an agreed upon date. *Id.* ¶¶ 14–17. In Bochner's commercial lease, operative during the first half of 2020, the personal guarantor for the lease was Mitch Cantor, a person other than the tenant. Dkt. 64, Ex. 5 at 81. Bochner states that he requires guaranties for all commercial tenants, and states that he "would not have entered into" the lease without one. Pl. 56.1 ¶ 16. Bochner's tenant stopped paying full rent in January 2020—before the onset of the COVID-19 pandemic in New York—and, on March 20, 2020, gave six-month notice of intent to surrender. *Id.* ¶ 17. Because Bochner could not enforce the guaranty clause in the commercial lease against the guarantor, he was unable to recover some $110,000 in rental income owed to him between March 20, 2020 and September 20, 2020. *Id.* ¶¶ 17–18.

## PROCEDURAL HISTORY

Plaintiffs brought this action seeking injunctive and declaratory relief, alleging, as relevant here, that the City's Guaranty Law violated the Contracts Clause of the United States Constitution, which prohibits "State . . . Law[s] impairing the Obligation of Contracts." U.S. CONST. art. 1, § 10, cl.1.[1] The City moved to dismiss all claims.

---

[1] Plaintiffs also challenged amendments to the City's existing Residential and Non-Residential Harassment Laws, *see* N.Y.C. Admin. Code §§ 22-901, *et seq*., 27-2004, *et seq.* (together the "Harassment Amendments"), which prohibited "threatening" residential or commercial tenants based on their COVID-19 status, under the Due Process and Free Speech Clauses of the New York and Federal Constitutions. This Court dismissed the challenges to the Harassment Amendments, *see Melendez*, 503 F. Supp. 3d at 27–31, and the Second Circuit affirmed the dismissal of those claims, *see Melendez*, 16 F.4th at 996.

Plaintiffs Yang and Melendez did not sue on the Contracts Clause issue, and only pressed the now-dismissed challenges to the City's Harassment Amendments. Because the Guaranty Law challenge was brought only by Plaintiff Bochner and his business, 287 7th Avenue Realty LLC, they are the only remaining Plaintiffs to this action.

This Court granted the motion to dismiss, concluding that the Contracts Clause challenge to the Guaranty Law failed to state a claim. *Melendez*, 503 F. Supp. 3d at 32–34. It reasoned that, although Plaintiffs had plausibly alleged a substantial impairment of their commercial leases, dismissal was warranted because the Guaranty Law advanced a legitimate public purpose and was a reasonable and appropriate means of achieving that purpose. *Id*. Although determining it was bound by caselaw requiring "substantial deference" to "policymakers making good-faith efforts to act in the public interest," *id*. at 32, the Court observed that it was "cognizant of the burden th[e] law puts on landlords," *id*. at 32, and expressly declined to "minimize the Guaranty Law's harm to Plaintiff[s]," which it "recognize[d] [wa]s substantial," *id*. at 36.

The Second Circuit affirmed in part and reversed in part. *See Melendez*, 16 F.4th at 996. Although agreeing with this Court's dismissal of the claims related to the Harassment Amendments, *id*. 1010–16, the Second Circuit concluded that the Contracts Clause claims could not have been dismissed on the pleadings "as a matter of law," as certain characteristics of the Law "weighed heavily" against the reasonableness of the legislation. *Id*. at 1016–47. Specifically, as set forth more fully below, the Circuit identified "five features of the Guaranty Law"—which it elsewhere termed "serious concerns" with the Law—which, in their "totality," "informed [its] conclusion" precluding dismissal of the Contracts Clause Claim. *Id*. at 1038–46. It remanded with instructions that the City "identify . . . circumstances relevant to determining whether the Guaranty Law is [] reasonable and appropriate" on a more developed record. *Id*. at 1046.

Plaintiffs and the City have now filed cross-motions for summary judgment, and the Court heard oral argument on the motions on December 19, 2022.

10

**LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009). In determining whether there is a genuine issue of material fact, the Court must view all facts "in the light most favorable to the non-moving party." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 69 (2d Cir. 2001). Where both parties move for summary judgment, "each party's motion must be examined on its own merits, and . . . all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

**DISCUSSION**

**I. Plaintiffs Have Established Article III Standing**

Article III, Section Two of the Constitution "restricts federal courts to deciding 'Cases' and 'Controversies' and thus imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing,'—injury-in-fact, causation, and redressability." *Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Thus, to establish constitutional standing, a plaintiff must "allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *Id*. at 632; *see also Bennett v. Spear*, 520 U.S. 154, 162 (1997). The City now asserts, based in part on evidence obtained during discovery, that Plaintiffs have failed to establish standing because they have not

11

demonstrated an injury-in-fact, let alone one that is traceable to the City's Guaranty Law. *See* Def. Mem. at 9; Def. Reply at 1–2; Def. Letter, Dec. 7, 2022. The Court disagrees.

### A. Plaintiffs Have Demonstrated an Injury-In-Fact

The Supreme Court has instructed that an injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (cleaned up). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way," *Spokeo v. Robins*, 578 U.S. 330, 339 (2016) (cleaned up), and for it to be 'concrete,' it must be "real and not abstract," though it need not be "tangible," *id*. at 340 (cleaned up). For it to be actual or imminent, a "plaintiff must show that he has sustained or is immediately in danger of sustaining" a direct harm as a result of the challenged conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (cleaned up).

On its face, the Guaranty Law invalidated Plaintiffs' bargained-for contract rights because it provides that any personal guaranty clauses in commercial leases "shall not be enforceable" to cover defaults occurring during the March 2020 to June 2021 period. N.Y.C. Local L. 55 of 2020 (as extended by N.Y.C. Local L. No. 50 of 2021). As the Second Circuit noted, the Law thus "does not simply defer a landlord's ability to enforce a personal guaranty; it forever extinguishes it." *Melendez*, 16 F.4th at 1005. This kind of "monetary injury" to the Plaintiffs—permanently barring them from collecting more than a hundred thousand dollars in unpaid rent for a prime commercial tenancy in the heart of Manhattan—plainly establishes that they "ha[ve] suffered a concrete injury in fact under Article III." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). It matters not, as the City insists, that Plaintiffs took out an SBA loan in order to cover unpaid rent and taxes. As an initial matter, on this record, the SBA loan remains unforgiven. And, in any event, by being forced to recoup expected rent payment by alternative means, Plaintiffs

demonstrate precisely the kind of "direct and personal stake in the controversy" that the injury-in-fact inquiry seeks to answer. *Sullivan v. Syracuse Hous. Auth.*, 962 F.2d 1101, 1107 (2d Cir. 1992).

### B. Plaintiffs' Injury is Fairly Traceable to the Guaranty Law

So too, the plain text of the Guaranty Law establishes causation, as "alleging that a municipal policy or ordinance is itself unconstitutional is always sufficient to establish the necessary causal connection between the municipality and the constitutional deprivation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004).

Where, as here, a plaintiff is "threatened by the enforcement of a statute that specifically targets the plaintiffs, the [fairly traceable] requirement is met." *Tweed-New Haven Airport Auth. v. Tong*, 930 F.3d 65, 71 (2d Cir. 2019); *see also id.* (finding plaintiff's injury was "'fairly traceable' to the Statute" when the statute "is a solid barrier to the extension of the Airport's runway" and "[n]othing can happen while the Statute is in place"). The recent case *General Motors LLC v. KAR Auto Group of Decorah, Inc.*, is particularly instructive. *See* 2022 WL 1715216 (N.D. Iowa Mar. 11, 2022). There, the court found that a plaintiff had established standing to sue for Contracts Clause violations where the "plaintiff's inability to terminate or sue on its breached term [was] fairly traceable to [the challenged statute]," because "[b]ut for [the challenged] law, plaintiff could enforce its [contractual] provisions." *Id.* at *5.

### C. Finding the Guaranty Law Unconstitutional Would Redress Plaintiffs' Injury

Finally, redressability is established where it is likely that the injury complained of will be remedied by a favorable decision in the action at hand. *See Lujan*, 504 U.S. at 561; *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261 (1977) (holding that the redressability requirement is met where a favorable decision will remove the "absolute barrier"

13

imposed by the statute at issue).

Plaintiffs have demonstrated here that the Guaranty Law poses such an absolute barrier to recovering unpaid rent from the guarantor. New York courts have repeatedly dismissed claims by landlords against guarantors, citing the Guaranty Law as the basis for doing so. *See, e.g.*, *Spectra Photo Art, Inc. v. Mendared, LLC*, 2022 WL 16924078, at *2 (N.Y. Sup. Ct. Nov. 10, 2022) ("Since Administrative Code § 22-1005 prohibits enforcement of the rent and real estate tax obligations that [the guarantor's] guaranty covers, the complaint's first and second causes of action fail to state a claim for an enforceable liability against [the guarantor]."); *274 Madison Co. LLC v. Vieira*, 2021 WL 4441911 (N.Y. Sup. Ct. Sept. 28, 2021), *aff'd*, 205 A.D.3d 403 (N.Y. App. Div. 2022) (holding same for period covered by the Guaranty Law); *27 Morton, L.P. v. MDS Fashions, Ltd*, 2020 WL 6867927, at *2 (N.Y. Sup. Ct. Nov. 20, 2020) (reasoning "[t]he New York City Council was well aware of the potential unfairness to landlords and it enacted this law anyway in order to protect individual guarantors whose business were shut down because of Covid").

A finding by this Court that the Guaranty Law violates the Contracts Clause would enable Plaintiffs to enforce the guaranty clause of their commercial lease. *See In re Old Carco LLC*, 470 B.R. 688 (S.D.N.Y. 2012) (holding, in an action for declaratory judgment, that plaintiff's injury could be redressed by a favorable decision that the challenged statute violated the Contracts Clause); *Gen. Motors*, 2022 WL 1715216, at *5 (reasoning a finding that the challenged statute "is unconstitutional would redress [plaintiff's] injury," as, "[w]ith such a declaration, courts would not enforce [the statute] and void [the parties' contractual provisions], so plaintiff could enforce those contractual provisions in court").[2]

---

[2]    The City's arguments regarding the related doctrine of "ripeness" are similarly unavailing. "Often, the best way to think of constitutional ripeness is a specific application of the actual injury

Because the Court concludes that Plaintiffs have established Article III standing, it turns to the merits of their Contracts Clause challenge.

## II. The Guaranty Law Violates the Contracts Clause

As they did on the motion to dismiss, Plaintiffs Bochner and his business, 287 7th Avenue Realty LLC, challenge the constitutionality of the Guaranty Law under the Contracts Clause, which provides that "no State shall . . . pass any . . . law impairing the Obligations of Contracts." U.S. CONST. art. 1, § 10, cl. 1. Though written in absolute terms, the Contracts Clause does not give private parties the absolute right to contract without government interference; instead, courts have interpreted it to allow limited interference in contracts, so long as that interference is in furtherance of the "inherent police power of the State to safeguard the vital interests of its people." *Energy Reserves Group v. Kan. Power & Light Co.*, 459 U.S. 400, 410 (1983) (cleaned up); *see also Twentieth Cent. Assoc. v. Waldman*, 294 N.Y. 571, 580 (1945) ("The principle is firmly established today that all contracts are subject to the police power of the State, and, when emergency arises and the public welfare requires modification of private contractual obligations

---

aspect of Article III standing . . . . Constitutional ripeness, in other words, is really just about the first *Lujan* factor." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013). Having established that a dispute related to the Guaranty Law has generated injury significant enough to satisfy the "case or controversy" requirement of Article III—that is, that Plaintiffs are unable to collect unpaid rent from the guarantor given the Law—Plaintiffs have similarly established that this action is ripe for judicial review. *See New York Civil Liberties Union v. Grandeau*, 528 F.3d 122, 132–34 (2d Cir. 2008).

Moreover, contrary to the suggestion that Plaintiffs were required to first file suit against the guarantor to enforce the guaranty clause, "the ripeness doctrine does not require litigants to engage in futile gestures such as to jump through a series of hoops" before bringing and action to avail themselves of legal rights. *Sherman v. Town of Chester*, 2013 WL 1148922, at *9 (S.D.N.Y. Mar. 20, 2013), *aff'd in part*, 752 F.3d 554 (2d Cir. 2014). The uniform reading by New York's courts of the Guaranty Law has resulted in the dismissal of suits precisely of the sort that the City demands. *See supra* at 14. It thus would have been futile for Plaintiffs to bring such a claim against the guarantor before filing this action.

in the public interest.").

When deciding whether a law violates the Contracts Clause, courts in this Circuit ask the following: "(1) whether the contractual impairment is substantial and, if so, (2) whether the law serves a legitimate public purpose such as remedying a general social or economic problem and, if such purpose is demonstrated, (3) whether the means chosen to accomplish this purpose are reasonable and necessary." *Sullivan v. Nassau Cty. Interim Fin. Auth.*, 959 F.3d 54, 64 (2d Cir. 2020) (citing *Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 368 (2d Cir. 2006)) (cleaned up); *see also Energy Reserves Grp.*, 459 U.S. at 411–18 (applying the same test).

For the reasons that follow, the Court once again finds that the contractual impairment imposed by the Guaranty Law on Plaintiffs was substantial, and that the City's effort to mitigate the devastating economic impact of the COVID-19 pandemic constituted a legitimate public purpose. However, guided by the Second Circuit's specific and detailed instruction that the City must justify the reasonableness of the Guaranty Law given "at least five serious concerns" articulated by the panel majority's opinion, *Melendez*, 16 F.4th at 1047, the Court finds that the Law fails to withstand means-ends scrutiny under the final prong of the *Sullivan* test.

**A. The Guaranty Law Substantially Impairs Contracts**

The substantiality of a contract's impairment depends upon "the extent to which reasonable expectations under the contract have been disrupted." *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 993 (2d Cir. 1997). "[T]he reasonableness of expectations depends, in part, on whether legislative action was foreseeable." *Sullivan*, 959 F.3d at 64; *see also Sanitation*, 107 F.3d at 993 ("Impairment is greatest where the challenged government legislation was wholly unexpected."). Courts are apt to find substantial impairment in instances where the hindered contract provision was a "primary inducement" for the parties to enter the contract or a

16

"central provision [of the contract] upon which it can be said [the parties] reasonably rely." *Buffalo Tchrs.*, 464 F.3d at 368. Finally, in making an assessment of substantiality, courts consider whether the contractual impairment is temporary or permanent. *See WB WorthenCo. V. Thomas*, 292 U.S. 426, 433–34 (1934); *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 250 (1978).

Taken together, these considerations previously led this Court to conclude that the Guaranty Law imposes a substantial impairment on Plaintiffs' contracts. And, in its opinion, the Second Circuit agreed with that determination, finding that the Guaranty Law substantially impairs the contract rights of landlords, such as Plaintiff Bochner, whose commercial lease agreements are secured by personal guarantees. *See Melendez*, 16 F.4th at 1032–35. In so doing, the Circuit observed that the "law renders unenforceable any personal guaranties of rent obligations arising under such leases" for the proscribed period. *Id*. at 1033. It also specifically listed two reasons that the City's argument—"that the rent obligation of commercial leases is not severely diminished by the Guaranty Law because the landlord may continue to seek unpaid rent from the tenant," *id*. at 1033—fails in the present action. "First," the panel majority reasoned, "the practical likelihood of landlords such as plaintiff Bochner recovering rent arrears from delinquent small business tenants appears speculative at best." *Id*. at 1033. "Second, the law recognized a secured obligation to establish effectively two contractual bargains, one between the principals and the other between a principal and the guarantor;" and the "fact that the Guaranty Law does not invalidate the first bargain cannot gainsay its destruction of the second for guarantor obligations." *Id*. at 1034.

The Court finds that nothing in the record demands a conclusion different than the one previously reached, and adopted by the Second Circuit, on the substantial impairment prong of the Contracts Clause analysis. To survive, then, the law must advance a legitimate public interest and be reasonable and necessary to do so. *See Buffalo Tchrs.*, 464 F.3d at 368, 376; *see also Sullivan*

959 F.3d at 64, 69.

### B.  The City Adopted the Guaranty Law to Advance a Legitimate Public Purpose

A legitimate public purpose for Contracts Clause purposes is one "aimed at remedying an important general social or economic problem rather than providing a benefit to special interests." *Sanitation,* 107 F.3d at 993 (cleaned up).  The Court previously determined that the Guaranty Law served such a significant and a legitimate purpose—namely, mitigating the economic emergency experienced in New York City as a result of the COVID-19 pandemic.  Specifically, it reasoned that the Law was enacted in an effort to prevent New York's small business owners from being "pushed into both business and personal bankruptcy," which would have eliminated their ability to remain in or return to business, thereby exacerbating the economic crisis within the City. *Melendez*, 503 F. Supp. 3d at 33.  The Court further found that there had been no allegation that the City passed the Guaranty Law to benefit to benefit a special interest, nor that it had done so to benefit itself.  *Id*.  *Contra Sullivan*, 959 F.3d at 65 (reasoning that the City, "in breaching a contract[,] [wa]s acting like a private party who reneges to get out of a bad deal").

In its analysis of the legitimate purpose prong, the Second Circuit acknowledged that the City's articulation of its purpose for enacting the Law "finds some record support."  *Melendez*, 16 F.4th at 1036.  It cited Council Member Rivera's April 29, 2020 statement explaining, among other things, that she was sponsoring the Guaranty Law

> [to] ensure that business owners, should they be forced to walk away or temporarily shutter their stores, through no fault of their own[,] can do so without facing personal liability, ensuring that one day they may be able to return and relaunch or create a new thriving business in our neighborhoods.

*Id*.  The Court of Appeals went on, however, to find that Plaintiffs' contrary argument—that the Guaranty Law was enacted to "benefit[] only a favored group: commercial-lease guarantors"— was, itself, "not wholly devoid of support in the pleadings record."  *Id*. at 1037 (cleaned up).

Ultimately, the Circuit determined that the question of legitimate public purpose could not, on the pleadings alone, "be decided as a matter of law for either party," and "would benefit from further record support." *Id*.

On remand, the City emphasizes that that the Guaranty Law "easily meets the public-purpose test because it is designed to prevent the bankruptcies of small business owners, the firing of their employees, and the broader economic devastation brought on by a raft of business closures." Def. Mem. at 12. It cites Council Member Rivera's statement that "countless business owners" had serious concerns about "going belly up" at the time that the Law was adopted, and that they specifically feared losing "their personal life savings and asset[s] because of a disaster no one saw coming." Def. 56.1 ¶ 44; Dkt. 104, Ex. J. at 29–30. The City also points to the fact that the extensions of the Guaranty Law stated that it was enacted because individuals "risk[ed] losing their personal assets, including their possessions and even their own homes, transforming a business loss into a devastating personal loss." Def. 56.1 ¶ 73; Dkt. 104, Ex. Z at 3.

Accordingly, the Court concludes that the Guaranty Law was enacted with a legitimate public purpose, as the City was aiming to "remedy[] an important general social or economic problem," *Sanitation*, 107 F.3d at 993 (cleaned up), at the height of the COVID-19 pandemic. To be clear, as described at length below, analyzing the evidence before it through the lens provided by the Second Circuit, the Court holds that the means that the City employed to advance that purpose were not reasonable in their design, such that the Law fails to survive constitutional scrutiny. But—flawed or not—the City's policy goals in passing the Guaranty Law advanced a legitimate general interest of mitigating a staggering economic crisis brought about by a once-in-a-lifetime pandemic.

**C. The Guaranty Law was Not a Reasonable Means to Advance the City's Interest**

Applying *Home Building & Loan Association v. Blaisdell*, 290 U.S. 398 (1934), and its progeny, the Second Circuit identified what it termed "five serious concerns about" the City's passage of the Guaranty Law. *Melendez*, 16 F.4th at 1047. In light of the Circuit's instruction, each of these five concerns is addressed below. Ultimately, the Court concludes that, given the City's failure to present record evidence to address the Circuit's specific concerns, it has failed to demonstrate that the Guaranty Law is a "reasonable and appropriate" means of advancing the City's legitimate public purpose.

**1. The Guaranty Law is Not a "Temporary" Impairment of Contract**

The Second Circuit first highlighted its concern that "the Guaranty Law is not a 'temporary' or 'limited' impairment of contract, a factor critical to the Supreme Court's conclusion in *Blasdell* that a state moratorium law was a reasonable means to afford economic relief during the Great Depression." *Melendez*, 16 F.4th at 1038 (citing *Blaisdell*, 290 U.S. at 439). The moratorium law upheld by the Supreme Court in *Blaisdell*, the Circuit underscored, was not permanent or unlimited—while it deferred a mortgagor's obligations, it did not extinguish them forever. *See id.* at 1038–39 (citing 290 U.S. at 445). Rather, the law assumed that, when the moratorium period expired—that is, once the legislature determined the economic burdens of the Great Depression had eased—the underlying "integrity of the mortgage indebtedness [was] not impaired" and that the parties' remedies would therefore be "maintained." *See id.*

Here, "although the Guaranty Law pertains only to rent arrears arising between March 7, 2020, and June 30, 2021, it does not simply defer guaranty obligations until the conclusion of that period," but instead "permanently and entirely extinguishes them." *Id.* at 1039. As counsel for the City agreed at oral argument on the present motion, for any commercial lease entered into

containing a guaranty clause, landlords are *forever* barred from recovering rent to which they are entitled from a guarantor during that 16-month period if a tenant is left unable to pay. *See* Oral Arg. Tr., Dkt. 121 at 13:24–14:3 ("THE COURT: But it is permanent; you would agree it is permanent? MS. KOPLIK: For that 16 – THE COURT: For the 16 months. MS. KOPLIK: Yes."); *see also id*. at 14:5–6 ("But that permanence for the 16 months tracks the law's important public purposes . . . ."). The City Council could have easily declared that the Guaranty Law's impact on guaranty clauses was "temporary," as in *Blaisdell*, such that it would cease to extinguish contractual obligations when the City determined that the COVID-19 pandemic had eased, but it chose not to do so.

As it did before the Court of Appeals, the City points to *Buffalo Teachers Federation v. Tobe*, 464 F.3d 362 (2d Cir. 2006) and *Sullivan v. Nassau County Interim Finance Authority*, 959 F.3d 54 (2d Cir. 2020), arguing that permanent impairments of private contracts have occasionally been upheld as against Contracts Clause challenges. But the Second Circuit found that this argument "misses the point," 16 F.4th at 1040—a conclusion that this Court will not second guess. In both *Buffalo Teachers* and *Sullivan*, public employees were denied scheduled wage *increases*, not their regular wages themselves. Here, by contrast, landlords like Plaintiffs are permanently barred from recovering any rent owed during the period covered by the Guaranty Law, not merely from, for instance, implementing rent increases during the timeframe. *See Melendez*, 16 F.4th at 1039–40.

Given the City's admission that the Guaranty Law does not only impair guaranty clauses in a "temporary" fashion, the Court finds that the first concern addressed by the Second Circuit weighs in favor of Plaintiffs and a finding that the Law violates the Contracts Clause.

## 2. The Record Does Not Support an Assumption Upon Which the Guaranty Law was Based

The Second Circuit next noted skepticism—"on the pleadings record"—that the Guaranty Law was "an appropriate means for achieving its professed public purpose: to help shuttered small businesses survive the pandemic so that they can reopen after the emergency, ensuring functioning neighborhoods." 16 F.4th at 1040. It reasoned that the City had made three "assumptions informing [its] enactment of the Guaranty Law," namely:

(a) that shuttered small businesses are usually owned by the individuals guaranteeing their leases,
(b) that these owner-guarantors would be financially ruined if required to pay their businesses' renter arrears, and
(c) that financially ruined owners would be unlikely to reopen shuttered businesses.

*Id*. In an effort to "mitigate the last concern," the panel majority found that the City had chosen to "absolve[] commercial-lease guarantors of their obligations for rent arrears" during the covered period. *Id*. at 1040–41. The issue with such a rationale, the Circuit stated, was that "the law does not condition the relief it affords on guarantors owning shuttered businesses or, even if they do, on their ever reopening their businesses." *Id*. at 1041. "Rather, guarantors receive the full relief . . . even if they never reopen (or intend to reopen) their businesses." *Id*. While the Circuit noted its general "defer[ence] to legislative judgments about the means reasonable and appropriate to address a public emergency," it expressly cautioned that "such deference is not warranted in the absence of some record basis to link purpose and means that, otherwise, appear[ed] missing" at the pleadings stage. *Id*.

Now with the benefit of significant time to address this discrete concern raised by the Circuit, the City has relied upon the same record evidence it cited at the motion to dismiss stage to demonstrate that the Council's legislative determination about the means-ends fit of the Guaranty Law was appropriate. To be sure, that record indicates the City Council was presented with a

wealth of testimony from small business owners which made starkly clear just how dire their financial circumstances were, particularly at the outset of the pandemic in the spring of 2020. That testimony underscored that rent obligations under commercial leases were taking a significant financial toll. To take one example: Joseph Conti, the owner of Shuraku in the West Village, explained, "the only way I could secure a lease was to provide a personal guarantee. That guarantee entitles my landlord to 6 months rent (at $18,000 per month), other fees and my security deposit (3 months rent) . . . In the current situation I cannot afford to pay rent and I cannot afford to give notice. I will quickly run out of money either way." Def. 56.1 ¶ 34 (citing Dkt. 104, Ex. E-1 at 13). Similarly, small business owner Mojito Iaba, who was the owner of stores in Williams Park and Greenpoint in Brooklyn, said "we have no income since March 18th. So we [attempted] to file PPP as emergency loans but so far, no luck . . . Then my landlord asked for rent for April . . . In order to survive as a small business owner, New York City has to pass [this] bill." *Id.* ¶ 26 (citing Dkt. 104, Ex. D. at 277:02–278:15).

The record further lends support to the notion that the City heard testimony from owner-guarantors supporting assumption (b) identified by the Circuit—that these owner-guarantors would be personally financially devastated if required to pay their businesses' rent arrears. *See e.g., Id.* ¶¶ 31–34; Dkt. 104, Ex. E-1. Bryan Cowan, the owner of Wisefish, testified in part: "Because of personal guarantees in our leases I not only have to deal with a potentially failing business, I too have to think about personal financial ruin and bankruptcy. As a newlywed I look to the future and was hoping to begin a family and potentially buy a home. These are all things that would need to be put on hold with a bankruptcy on my record." *Id.* (citing Dkt. 104, Ex. E-1 at 111). As noted before, Gabriel Stuhlman, the founder of Happy Cooking Hospitality, testified:

> Emotionally and financially I am preparing for this possibility of going bankrupt and belly up . . . I am concerned that my landlords in addition to them keeping my

security deposits (most of them 3 months and in excess of $60,000), are entitled to—and likely will—sue me personally for my obligations under my various leases. The Bill [] that you have proposed is instrumental to my existence and that of most small businesses in this city.

Def. 56.1 ¶ 32; Dkt. 104, Ex. E-1 at 106–08.

The record also reveals that the City Council heard at least some testimony from business owners indicating that, without legislation targeting guaranty clauses in commercial leases, they were uncertain if they would ever be able to reopen shuttered businesses, thereby addressing assumption (c) outlined by the Court of Appeals. One business owner said that, without security against enforcement of personal guaranty clauses, he would be unable to reopen after the Pandemic had subsided. *See* Def. 56.1 ¶ 35; Dkt. 104, Ex. E-1 at 146 ("The vast majority of [small business owners] WANT to revive our businesses, but it will be impossible without some bold support from our landlords and from the government.") (capitalization in original). Indeed, some 700 business operators submitted written testimony which stated: "As the operator of a business in your district, I URGE you to SPONSOR and PASS the following critical legislation that will support small businesses in your district, giving us a fighting chance to survive." Def. 56.1 ¶ 36; Dkt. 104, Exs. E1–E5. Amicus VOLS has additionally asserted that, in April of 2020, when the legislation was initially proposed, "40% of [its] clients with commercial leases indicated that they had already missed commercial rent payments, and 89% indicated that they anticipated missing commercial rent payments." Dkt. 41, Kats Decl. ¶ 22.

That testimony aside, the "missing link," *Melendez*, 16 F.4th at 1041, remains, however, that the City cannot demonstrate that it had before it evidence supporting assumption (a) identified by the Circuit—that "shuttered small businesses are usually owned by the individuals guaranteeing their leases," *id*. at 1040—nor that it considered evidence justifying why it need not "condition the relief [of the Guaranty Law] on guarantors owning shuttered businesses, or, even if they do, on

24

their ever reopening those businesses," *id*. at 1041.

This failing on the City's part is critical to this Court's analysis of the Contracts Clause challenge, because the Second Circuit's opinion observed the myriad ways in which the City could have fashioned a more targeted law to address its stated purpose.  It noted that "other pandemic relief serving a similar public purpose [wa]s specifically conditioned on a business's continued operation."  *Id*. at 1041.  "[F]orgiveness of low-interest PPP loans to small businesses," for instance, was "conditioned on maintenance of workforce and compensation levels;" and "the Restaurant Revitalization Fund [did] not provide benefits to restaurants that [we]re 'permanently closed' or that [could not] certify in good faith that the relief funds [we]re 'necessary to support . . . ongoing or anticipated operations.'"  *Id*. at 1041.  Moreover, the CARES Act and even New York's statutory eviction moratoria applied only to those able to demonstrate need after claiming a pandemic-related hardship.  *Id*. at 1043.  The Guaranty Law, by contrast, permanently eviscerated a crucial provision negotiated into commercial lease contracts throughout the City.  And it did so irrespective of (1) a showing that the affected guarantor owned the small business, (2) that such owner-guarantor had financial need, and (3) that such owner-guarantor would reopen the closed business following the pandemic emergency if provided the aid.

In light of the City's failure to point to record evidence providing for this "missing link," the Court finds that the second concern addressed by the Second Circuit weighs in favor of a finding that the Guaranty Law violates the Contracts Clause.

### 3.  The Burden of the Guaranty Law was Placed Exclusively Upon Landlords

The Circuit's third stated concern with the Guaranty Law is that the City exclusively allocated its economic burden on landlords.  *See Melendez*, 16 F.4th at 1042.

The court pointed to the circumstances identified in *Association of Surrogates and Supreme*

*Court Reporters v. New York*, 940 F.2d 766 (2d Cir. 1991), to explain its skepticism regarding the appropriateness of such burden allocation. In that case, a state payroll lag had deprived judicial employees of ten days' pay over a twenty-week period, purportedly to one day be paid back upon the termination of their employment. *See id*. at 772. In finding that such an arrangement violated the Contracts Clause, the Second Circuit faulted the state for funding the expansion of the court system—which was the stated purpose of the scheme—by placing costs "on the few shoulders of judiciary employees instead of the many shoulders of the citizens of the state." *Id*. at 773; *see also id*. (noting that the state could have covered costs by, among other things, "rais[ing] taxes"). As in *Association of Surrogates*, the Circuit reasoned that "[h]ere too, the City did not afford Guaranty Law relief by appropriating existing funds or raising taxes so as to place the burden of preserving neighborhoods on the citizenry that would benefit therefrom," but instead "transferred the burden to the 'few shoulders' of commercial landlords." *Melendez*, 16 F.4th at 1042. Doing so "upset[] lawfully contracted-for expectations between landlords and guarantors." *Id*.

The City's allocation of the burden here is also unlike cases where the "burden of contractual impairment was tailored to the party causing the public harm that the state sought to mitigate." *Id*. In *Keystone Bituminous Coal Association v. DeBenedictis*, 480 U.S. 470, 504–06 (1987), for example, the Supreme Court upheld a regulation which invalidated contractual liability waivers for mine operators because the regulation was designed to prevent and remedy the operators' damage to protected lands. So too, in *Sanitation*, the Second Circuit rejected a Contracts Clause challenge to a license provision for early contract terminations because it had been enacted to address industry infiltration by organized crime. *See* 107 F.3d at 990, 994. Here, there is no record support for the proposition that commercial landlords were in any way responsible for the economic crisis that the Guaranty Law sought to mitigate. To the contrary, the record is replete

with testimony before the Council about the unique economic disaster caused by the onset of the COVID-19 pandemic, and the havoc that the virus wreaked upon New York City residents—something with which landlords had nothing to do.

The City urges the Court not to consider the economic burden placed upon landlords by the Guaranty Law "in isolation." Def. Mem. at 21. The Law, of course, was enacted by the City Council against a backdrop of state and federal regulations designed to address the harms caused by COVID-19, and viewed alongside that concurrent regulation, the burden of the Law is not quite so easily ascertained. The City recognized, for instance, that early COVID-19 orders had a "catastrophic impact on the city's economic and social livelihood," and that they had required the closure of—or severely limited access to—local businesses. *See, e.g.*, N.Y.C. Local L. 98 of 2020; N.Y.C. Local L. 50 of 2021. Put differently, the City recognized that *tenants'* contracted-for rights in commercial leases had already been eliminated by then-existing law, which prevented, or seriously curtailed, enjoyment of leased premises. Moreover, the City adopted the Guaranty Law with full awareness that the City's agencies—and SBS in particular—were actively helping businesses weather the pandemic in other ways. This assistance included benefits, the City now argues, of which landlords like Plaintiffs were free to avail themselves. *See* Def. Mem. at 22 (citing NYC Small Business Services Report, *Supporting NYC Small Business Recovery & Growth*, https://www1.nyc.gov/assets/sbs/downloads/pdf/about/reports/supporting-nyc-recovery-growth.pdf). So understood, the decision to adopt the Guaranty Law, the City argues, in reality only balanced the burden felt by tenants, guarantors, and landlords.

Appealing as that argument may be on first blush, however, the City's insistence that similar "government pandemic assistance was not accessible to small business tenants," Def. Mem. at 24, is not supported by the record. Indeed, the legislative record the City attaches to its motion

underscores that, when considering extensions to the Guaranty Law, it directly acknowledged that small business owners—including owner-guarantors—were equally able to access this assistance. Before the Law's passage, Jonnel Doris, the Commissioner of Small Business Services, for example, testified before the City Council's Committee on Small Business and enumerated the panoply of ways that small business owners were also able to access pandemic relief funds in New York City. *See* Dkt. 104, Ex. DD at 4; *see also* Pl. Reply at 14–15.

The City also argues that the Guaranty Law's economic burden was justified given that it was intended to "encourage [l]andlords to negotiate and renegotiate leases with their tenants for the benefit of the economy as a whole." Def. Mem. at 20. But it does not explain how the City concluded, with a change to the commercial leases rendering guaranty clauses permanently unenforceable, that guarantors would have any incentive based on the Law to enter negotiations with landlords regarding unpaid rent. As Plaintiff Bochner here experienced, once his tenant and guarantor were relieved of their obligation to pay rent on their commercial lease, they did not seek to come to the table to negotiate. Rather, with some $110,000 in outstanding rent remaining due, they gave notice and vacated the premises without payment. *See* Dkt. 104, Ex. VV at 34. And even if, as the City suggests, the Law was meant to encourage renegotiation, the changed nature of any such negotiations would nevertheless have come at the exclusive expense of the "few shoulders," *Ass'n of Surrogates*, 940 F.2d at 773, of commercial landlords, who would have been forced to make unilateral concessions without bargained-for guaranty clauses as leverage.

At bottom, the City is unable to justify its decision to exclusively allocate the burden on landlords with its additional record evidence. The third area of concern identified by the Circuit thus weighs in favor of Plaintiffs and a finding that the Guaranty Law violates the Contracts Clause.

28

### 4. The City Did Not Condition the Application of the Guaranty Law on Need

Fourth, the Second Circuit noted that the Guaranty Law was "not conditioned on need," in that it "permanently absolves all small-business lease guarantors of any responsibility for up to sixteen months of rent arrears regardless of their ability to pay." *Melendez*, 16 F.4th at 1043.

The Circuit found the lack of any hardship requirement in the Law particularly significant, and pointed to the various forms of state and federal pandemic relief which, by contrast, did condition a benefit on need, such as stimulus payments tied to individuals' adjusted gross incomes, *see* CARES ACT § 2201(a), and even New York's pandemic eviction moratorium, which only applied to those claiming COVID-19 related hardship, *Melendez*, 16 F.4th at 1043. Paradoxically, then, while individual tenants *were* required to demonstrate financial hardship in order to be shielded from eviction and remain in their homes, commercial lease guarantors *were not* required to demonstrate any need whatsoever before the Guaranty Law absolved them of the need to pay rent for business tenants owed under commercial leases. And, more to the point, at the time of the Guaranty Law's passage, the City Council was specifically confronted with evidence and arguments about the need to apply a hardship requirement to the legislation. One landlord's testimony, for instance, strongly urged the City to "take into account the health and financial well-being of both landlords and tenants in crafting legislation," and to "make it incumbent on tenants to show that they are unable to pay their rent due to COVID-19" before guarantors were given the benefit of not doing so. *Id*. at 1047.

Highlighting its concern regarding the Law's lack of a hardship requirement, the Second Circuit cited *W.B. Worthen Co. ex rel. Board of Commissioners of Street Improvement District No. 513 of Little Rock, Ark, et al. v. Kavanaugh*, wherein the Supreme Court found impairment of a contract unreasonable where the law did "not even" require a debtor to satisfy the court of his

"inability to pay" rent. 295 U.S. 56, 61 (1935). And, indeed, later Contracts Clause cases make clear more generally that a governmental entity may not "impose a drastic impairment when an evident and more moderate course would serve its purpose equally well." *U.S. Trust Co. of New York v. New Jersey*, 431 U.S. 1, 31 (1977). Given the testimony before the City Council at the time, a hardship requirement (or means-testing) was plainly an "evident and more moderate course." Nevertheless, the City enacted (and then twice extended) the legislation without so tailoring the legislation. *See* N.Y.C. Local L. 98 of 2020; N.Y.C. Local. L. 50 of 2021.

On remand, the City has largely responded to this concern by again emphasizing that there was testimony before the Council from small business owners demonstrating the ongoing and urgent need for relief. *See* Def. 56.1 ¶¶ 17–36, 55–65, 77–79. This generalized evidence, however, only lends support to the notion that small business owners who *could* demonstrate such need were the proper subjects of legislative intervention—not that those less impacted should be as well.

Alternately, the City argues that the fact that the Guaranty Law was cabined in *some* way—namely, to benefit only natural-person guarantors—is evidence of reasonable tailoring. Def. Mem. at 22. Such a limitation, it asserts, eliminated the slippery-slope concern, in Council Member Justin Brannan's words, that the Guaranty Law "may end up helping Louis Vuitton as much as it helps Louise['s] [P]izza." Pl. 56.1 ¶ 6; Dkt. 29, Ex. 31 at 38. That is, the City specifically recognized that "the scale of the financial obligations of larger businesses generally renders having a natural person guarantee those obligations impracticable." N.Y.C. Local L. 98 of 2020. Moreover, the City contends, as Plaintiffs admit, the need for personal guarantees in commercial leases in the first place "depend[ed] on [] credit-worthiness," Pl. Mem. at 8–9, as the only individuals who would be impacted by the Guaranty Law were those supporting businesses that were already not financially secure.

But argument regarding the tailoring evinced by the natural-person requirement was raised and squarely rejected by the Circuit on appeal. As the panel majority held:

> To be sure, the Guaranty Law only affords relief to natural-person guarantors of businesses forced to shutter or reduce operations during the pandemic. But that, by itself, does not mean that a particular guarantor cannot pay rent arrears, particularly when temporally cabined by a good-guy provision. Nor does it necessarily mean that a particular landlord is better able than a particular guarantor to bear the financial burden of a tenant's ability to pay rent.

*Melendez*, 16 F.4th at 1043.

While the Circuit gave the City the opportunity to bring forward evidence of a need analysis, or any investigative or empirical process whatsoever, outside merely relying "upon the pooled general knowledge of its members," *id.* at 1045, it has proven unable to do so on this record. Thus, as in *Kavanaugh*, "[t]he omission of any need condition weigh[s] against the reasonableness of" the legislation substantially impairing contracts here. 295 U.S. at 61.

### 5. The Guaranty Law Does Not Compensate Landlords for Unpaid Rent

Finally, the Second Circuit considered "the law's failure to provide for landlords or their principals to be compensated for damages or losses sustained as a result of their guaranties' impairment." *Melendez*, 16 F.4th at 1045. It emphasized that the moratorium upheld in *Blaisdell* "allowed a delinquent mortgagor to remain in possession of premises on the condition that he pay the mortgagee reasonable rent throughout the moratorium period," thus ensuring the mortgagee was "not left without compensation for the withholding of possession." *Id.* at 1046–47 (quoting *Blaisdell*, 290 U.S. at 445). The panel majority expressed that, such a compensation condition "was an important factor in identifying the mortgage moratorium in *Blaisdell* as a reasonable means to provide temporary and limited economic relief to mortgagors." *Id.* at 1045–46. So too, the "absence of a compensation requirement informed the identification of a Contracts Clause violation in *Kavanaugh*." *Id.* (citing 295 U.S. at 61).

31

That said, the Circuit expressly cautioned that it was "not [] suggest[ing] that compensation is always necessary to defeat a Contracts Clause challenge," nor that such concern could not be "altered through discovery or supplemented by additional record evidence." *Id*. at 1046. Rather, the court noted that "[t]he availability of other pandemic-related financial assistance to contracting parties may bear on the reasonableness of impairment without compensation, and [that] the parties may [] develop the record on this point further on remand." *Id*. at 1046 n.82.

The record now confirms that Plaintiff Bochner has been unable to recover unpaid rent amounts totaling approximately $110,000, and that, via another business account, he paid $35,000 in taxes for the property due July 1, 2020. Dkt. 104, Ex. NN at 46. As neither party disputes, the Guaranty Law itself provides no assistance to landlords like Bochner. The City, however, argues that the Court should concentrate on the fact that Bochner did not pay property takes on 287 7th Avenue from a personal account, *see* Def. Mem. at 20 n.12, and that Plaintiff 7th Avenue was able to obtain a pandemic relief loan from the SBA, *see id*. at 24. The City also emphasizes Plaintiffs were able to borrow from other successful business ventures, and that they "weather[ed] the pandemic" in other ways, including because the tenant left behind restaurant fixtures which were then leased along with the commercial space to a different restaurant in October 2020. Def. 56.1 ¶¶ 102–03; Dkt. 104, Ex. NN 34:24–35:18, 55:17–18.

Such obfuscation is unavailing. The fact remains that Plaintiffs here were damaged, to the tune of approximately $150,000, and have not been compensated—precisely the concern that the Second Circuit wanted the City to address on remand. As to the SBA disaster loan, Bochner explained that it has not been forgiven, and that he must pay "four [or] five" percent interest until it is fully paid off. Dkt. 104, Def. Ex. VV, at 46–47.

As with the City's failure to adduce record evidence addressing the Second Circuit's other

"serious concerns" regarding the Guaranty Law, the Court finds that the City has not meaningfully articulated a record-based position to conclude that the Law's lack of compensation to landlords like Plaintiff Bochner was a reasonable and appropriate means of advancing the legislation's purpose. This factor therefore weighs in favor of a finding that the Guaranty Law violates the Contracts Clause.

*   *   *

In sum: the City has proven unable to provide record evidence to answer the "five serious concerns about [the Guaranty Law] being a reasonable and appropriate means to pursue the professed public purpose," as the Second Circuit instructed. *Melendez*, 16 F.4th at 1047. The Court thus concludes that the Law violates the Contracts Clause by rendering the guaranty clauses in Plaintiffs' commercial leases unenforceable for unpaid rent during the covered period, March 7, 2020 and June 30, 2021, and that Plaintiffs are entitled to summary judgment.

## CONCLUSION

Accordingly, Plaintiffs' motion for summary judgment is granted, and Defendants' motion for summary judgment denied. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 91, 101, and 109, and to close this case.

SO ORDERED.

Dated:   March 31, 2023
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

## ADDENDUM B

1. Did the district court err in denying defendants' motion for summary judgment for lack of subject-matter jurisdiction?

   This Court reviews this issue de novo.

2. Did the district court err in granting plaintiffs' motion for summary judgment, and denying defendant's cross-motion, on the basis that the Guaranty Law violates the Contracts Clause?

   This Court reviews this issue de novo.