

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

May 31, 2024

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

RE:  Melendez (Bochner), et al.,  v. City of New York, et al., No. 23-683

Dear Ms. O'Hagan Wolfe:

We represent Plaintiffs-Appellees Elias Bochner and 287 7th Avenue Realty LLC, in the above-referenced matter.

At the direction of the panel during the oral argument on May 29, 2024, I write to provide additional case law that was referenced during argument but not cited in Plaintiffs-Appellees' November 7, 2023 Brief.

First, I draw this Court's attention to *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289 (1979). There, the United Farm Workers National Union ("UFW") challenged the constitutionality of the Arizona Agricultural Employment Relations Act (the "Act") and sought declaratory and injunctive relief.  As I stated during the oral argument, the Supreme Court reinforced that "[a] plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's *operation or enforcement*."  *Id.* at 298 (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)) (emphasis added).  Applying this principle, the Court held that the UFW's challenge to statutory provisions regulating election procedures (among others) presented a "case or controversy."  *Id.* at 299. Specifically, the UFW alleged that the Act violated their First Amendment rights because it delayed elections and impermissibly limited election eligibility.  *Id.*  Although the UFW had "not invoked the Act's election procedures in the past nor have they expressed any intention of doing so in the future" due to "the procedures' asserted futility," the Supreme Court held that "appellees' reluctance in this respect does not defeat the justiciability of their challenge" in light of the alleged "continuing burden on appellees' associational rights."  *Id.* at 300.

Although the statute at issue in *Babbitt* contained a criminal penalty, the principles mentioned in the case remain good law and have been applied in the civil context.  *See, e.g.*, *Hedges v. Obama*, 724 F.3d 170, 196 (2d Cir. 2013) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129–30

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Berlin  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Shanghai FTZ.  Business Service Centers:  Johannesburg  Louisville.  For more information see www.hoganlovells.com

(2007)).  "[W]here the Supreme Court has found standing on a showing that a statute indisputably proscribed the conduct at issue, it did not place the burden on the plaintiff to show an intent by the government to enforce the law against it.  Rather, it presumed such intent in the absence of a disavowal by the government or another reason to conclude that no such intent existed." *Id*.  The "operation" of the law was sufficient to confer standing.

Here, for the reasons discussed in Plaintiffs-Appellees' papers and at oral argument, the Guaranty Law has "operated" to directly infringe upon Plaintiffs-Appellees' constitutional contractual rights.

Second, the recent New York Appellate Division, First Department decision in *45-47-49 Eighth Ave. LLC v. Conti*, 220 A.D.3d 473 (2023) further highlights the City's ongoing interest in defending the Guaranty Law.  *Conti* involved an action to enforce the terms of a personal guaranty.  The City of New York appeared as amicus curiae.  On appeal, the First Department cited the District Court's decision in this action and remanded "the constitutional question raised by the parties [to] further develop the record in the trial court for the purpose of applying the Contracts Clause test for constitutionality."  *Id*. at 474 (citing *Melendez v City of New York*, — F Supp 3d —, 2023 WL 2746183 (S.D.N.Y. March 31, 2023)).  The First Department directed plaintiff to "serve notice on nonparty City of New York . . . in order for the City to intervene in support of its constitutionality."  *Id*. (citations and quotation marks omitted).

Please do not hesitate to contact me should any additional information be required.  Thank you in advance for the Court's attention to this letter.

Respectfully submitted,

Claude G. Szyfer

Partner
Claude.Szyfer@hoganlovells.com
D 212.9183179

cc:  All counsel, by electronic filing