# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-four.

Present:
        José A. Cabranes,
        Reena Raggi,
        Susan L. Carney,
               *Circuit Judges*.

---

Elias Bochner, 287 7th Avenue Realty LLC,

               Plaintiffs-Appellees,
      v.

**ORDER**
Docket No. 23-683

City of New York, a municipal entity, Mayor Eric L. Adams, as Mayor of the City of New York, Commissioner Louise Carroll, Commissioner of New York City Department of Housing Preservation & Development, Commissioner Jonnel Doris, Commissioner of New York City Department of Small Business Services,

               Defendants-Appellants.

---

The parties submitted supplemental letter briefs to address issues raised at oral argument. Despite previously disclaiming authority to enforce the Guaranty Law challenged by Plaintiffs, *see* N.Y.C. Admin. Code § 22-1005, Defendants, in their letter brief, for the first time, identify N.Y. Gen. City L. § 20(22) and N.Y.C. Charter § 394(c) as conferring on one or more of them general statutory enforcement authority. *See* Defendants Letter Br., June 7, 2024, at 3–4. Nevertheless, Defendants maintain that such general enforcement authority is insufficient to support Plaintiffs' standing, and, therefore, this court's exercise of subject matter jurisdiction. *See id.* at 3 & n.1.

In urging otherwise, Plaintiffs cite *Tweed-New Haven Airport Authority v. Tong*, 930 F.3d 65 (2d Cir. 2019), arguing that it was in the context of general enforcement authority that this court

*\*The Clerk of Court is respectfully directed to amend the official case caption as set forth above.*

there stated that "[w]here a statute specifically proscribes conduct, the law of standing does not place the burden on the plaintiff to show an intent by the government to enforce the law against it." *See* Plaintiffs Letter Br., June 13, 2024, at 3–5. As pertinent here, the court notes that N.Y.C. Admin. Code § 22-902(a)(14) specifically proscribes commercial tenant harassment, defined to include attempted enforcement of guaranties subject to § 22-1005. It further notes that the City appears to have relied, at least in part, on N.Y. Gen. City L. § 20(22) and/or N.Y.C. Charter § 394(c) to compel compliance with various City laws.[1]

Because Plaintiffs' standing cannot be determined on the present record, it is hereby ORDERED that Defendants submit a further supplemental brief addressing the following issues:

(1) the scope of enforcement authority conferred by § 20(22) and § 394(c), including their application to §§ 22-1005, 22-902(a);

(2) all instances over the last ten (10) years (including but not limited to those identified *supra* note 1) in which the City or any other Defendant has relied on § 20(22) and/or § 394(c) to enforce any law or regulation, and how those cases do (or do not) demonstrate a risk of similar enforcement of the Guaranty Law;

(3) whether the City or any other Defendant intends to enforce the Guaranty Law under § 20(22), § 394(c), or any other provision of law, and if not, whether Defendants are prepared to submit an affidavit (by an authorized person in the case of the City) categorically disavowing any future enforcement;

(4) in what, if any, actions arising under the Guaranty Law, has any Defendant appeared, either as a party or an *amicus*, and what positions, if any, has that Defendant taken in any such litigation with respect to the constitutionality of the Guaranty Law; and

---

[1] *See, e.g., City of N.Y. v. Arlene M. Tropp 2002 Revocable Tr.*, 183 N.Y.S.3d 838, 2023 WL 2531876, at *1 (N.Y. Sup. Ct. 2023) (relying in part on both § 394 and § 20(22) to sue building owners for injunctive relief and civil penalties for zoning and building code violations); *City of N.Y. v. Tri-Rail Constr., Inc.*, 34 N.Y.3d 963, 964 (N.Y. 2019) (citing § 394(c), and even broader authorization under Gen. City L. § 20(1) for City to "institute, maintain and defend any action or proceeding in any court," for proposition that "City has the general capacity to sue for the negligent destruction of its property" (internal quotation marks omitted)); *City of N.Y. v. Chavez,* No. 11-cv-2691, 2012 WL 1022283, at *1–2 (S.D.N.Y. Mar. 26, 2012) (holding, based on § 394, that City had statutory standing to sue for injunctive relief, damages and penalties based on violations of federal law arising out of bootlegging scheme); *City of N.Y. v. Times' Up, Inc.,* 814 N.Y.S.2d 890, 2006 WL 346491, at *2 (N.Y. Sup. Ct. 2006) (relying on § 20(22) as source of City's authority to bring claim to enjoin park gathering and parading without permit); *cf. City of Syracuse v. Penny,* 300 N.Y.S.2d 679, 683 (N.Y. Sup. Ct. 1969) (holding § 20(22) empowered city to sue to enjoin defendant from conducting unlicensed electrical work).

(5) in any such litigation, what, if any, preclusive effect will a decision by this Court to vacate (or not to vacate) the challenged summary judgment award have on any position the City or any other Defendant might take.

It is further ORDERED that Defendants shall submit their supplemental brief within fourteen (14) days from the issuance of this order. Plaintiffs shall submit their responsive supplemental brief within seven (7) days thereafter. The parties' briefs are not to exceed fifteen (15) double-spaced pages.

>FOR THE COURT:
>Catherine O'Hagan Wolfe, Clerk of Court